■ MASTERS, INC., Respondent, v WHITE HOUSE DISCOUNTS, INC., Appellant. MASTERS, INC., Respondent, v HY COHEN et al., Defendants. WHITE HOUSE DISCOUNTS, INC., Appellant, v MASTERS, INC., Respondent, et al., Defendant.—In a consolidated action to recover damages for breach of contract, White House Discounts, Inc. appeals (1) from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated December 19, 1983, as denied that branch of its motion which sought to set aside service upon it of a purported copy of a judgment entered June 14, 1983, and denied in part that branch of its motion which sought to resettle stated portions of the judgment; and (2) from an order of the same court, entered February 21, 1984, which denied its motion for leave "to renew and reargue" that branch of its prior motion which sought to set aside service of the purported copy of the judgment.

Appeal from so much of the order dated December 19, 1983 as denied in part that branch of its motion which sought to resettle stated portions of the judgment dismissed, without costs or disbursements. No appeal lies from an order denying resettlement of the decretal paragraphs of a judgment *(see, e.g., Men's World Outlet v Steinberg,* 101 AD2d 854).

Order dated December 19, 1983 reversed, insofar as reviewed, on the law, without costs or disbursements, and that branch of the appellant's motion which was to set aside service upon it of a purported copy of a judgment entered June 14, 1983 granted.

Appeal from the order entered February 21, 1984 dismissed, without costs or disbursements.

A judgment concluding this action at the trial level was entered on June 14, 1983. Two days later, the respondent served upon the appellant what was purported to be a copy of that judgment. The purported copy, however, was not properly conformed to the original judgment. Not only did the purported copy omit an amount of interest, a handwritten correction and the issuing Justice's initials in several places, but most significantly, it misplaced an interlineation in the original judgment. That misplaced interlineation significantly altered the original judgment. In the original, the appellant was directed to assign certain claims to the respondent and the power to enforce these claims was reposed in either the respondent or a court-appointed receiver. The purported copy provided that the claims were to be assigned to the respondent or the receiver and only the respondent was given the power to enforce them.

CPLR 5513 requires service upon the appellant of a copy of the judgment or order appealed from together with notice of entry in order to commence the time to take an appeal. Although the section does not explicitly require service of a "true" copy or an "accurate" copy, we have consistently held that the requirements of statutes which regulate the right to appeal are to be strictly construed (see, Kelly v Sheehan, 76 NY 325; Nagin v Long Is. Sav. Bank, 94 AD2d 710; O'Brien v City of New York, 6 AD2d 63). The purported copy served here, containing as it does a substantial alteration of the original judgment, cannot satisfy the requirements of CPLR 5513, and its service was therefore ineffective to commence the running of the time within which to take an appeal (see, Alesi v City of New York, 6 AD2d 779). To the extent that any of our prior rulings in this case may be to the contrary, we decline to adhere to them, in the interest of justice (see, Foley v Roche, 86 AD2d 887, lv denied 56 NY2d 507).

The appeal from the order entered February 21, 1984 must be dismissed. The motion was in actuality a motion to reargue (see, Ginsberg v Ginsberg, 104 AD2d 482), from the denial of which no appeal will lie (Munz v La Guardia Hosp., 109 AD2d

731). Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.