■ LAWRENCE SCHWARTZ, Respondent, v JANET A. SCHWARTZ, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from (1) so much of a resettled judgment of the Supreme Court, Nassau County (Robbins, J.), entered August 24, 1987, as directed that an agreement of the parties be merged into the divorce judgment and not survive the judgment, and (2) an order of the same court dated February 23, 1988, which denied her motion for further resettlement of the judgment of divorce.

Ordered that the appeal from the order dated February 23, 1988, is dismissed, without costs or disbursements. No appeal lies from an order denying resettlement of the decretal paragraphs of a judgment (see, Masters, Inc. v White House Discounts, 119 AD2d 639); and it is further,

Ordered that the resettled judgment is vacated and the original judgment, entered May 14, 1987, is reinstated, with costs to the appellant.

Prior to commencement of an action for divorce, the parties entered into an agreement which they denominated a "stipulation of settlement" (hereinafter the agreement) for the division of their property. The agreement granted exclusive title to the marital residence to the defendant in exchange for certain concessions regarding maintenance and mortgage payments. It is clear the defendant has fulfilled and continues to fulfill her part of the bargain. The agreement further provided that it would be offered into evidence in any divorce action, and, if acceptable to the court, would be incorporated by reference into any judgment resulting from such action; that a judgment of divorce could in no way impair or modify the agreement; that the agreement would not be merged into a divorce judgment; and that the failure by any party to insist upon strict performance of the duties imposed would in no way be considered a waiver of any term in the agreement. Although this action was commenced in 1981 there was virtually no activity in the action until May of 1985 when a statement of net worth was served upon the defendant. Subsequently the agreement was challenged by the plaintiff and upheld. The plaintiff's challenge to the agreement was the subject of a hearing, which resulted in an order of the Su-

preme Court, Nassau County (Robbins, J.), dated May 21, 1986, which stated, *inter alia,* that the agreement "is a valid and enforceable contract between plaintiff and defendant and adjudicates the rights and liabilities of the parties in the dissolution of their marriage". The order also set the case down for trial on the sole issue of the wife's counterclaim for divorce.

At the trial on the counterclaim for divorce held December 17, 1986, the defendant's attorney attempted to introduce the agreement into evidence, as required by its terms. Upon objection by the plaintiff's attorney, the defendant's attorney stated: "[i]f counsel will concede that the [agreement] will be merged in the divorce then I have no further questions." The plaintiff's attorney responded, "Sir, I concede."

The judgment of divorce, entered May 14, 1987, provided that the agreement "shall survive and shall not be merged in this judgment". The plaintiff subsequently moved for resettlement of the judgment of divorce, contending that the transcript of the trial was clear that the defendant had conceded the agreement should be "merged" in the judgment. By order dated July 15, 1987, the Supreme Court granted the plaintiff's relief, stating "[t]he plaintiff is correct in what transpired at the time of trial. The transcript clearly states 'merged', not 'incorporated'. Plaintiff is directed to submit an amended judgment reflecting this decision and the prior judgment." A resettled judgment of divorce was entered upon the order on August 24, 1987, stating, *inter alia,* that the agreement "shall be merged herein and shall be extinguished so that the same shall not survive." We find that the Supreme Court erred in resettling the judgment of divorce.

In deciding whether an agreement should survive or be merged into a judgment of divorce, the intentions of the parties should control *(Jensen v Jensen,* 110 AD2d 679, 681). A review of the trial transcript reveals that the defendant's attorney obviously erred in asking the plaintiff's attorney to "concede" that the agreement be "merged" into the judgment of divorce, and that the intent of the parties when executing the agreement was that it survive a judgment of divorce. This is evidenced by the fact that the agreement itself requires that it be presented as evidence at any divorce proceeding and requires that it be incorporated by reference and not merged into any judgment of divorce. The fact that the word "merged" was used instead of "incorporated" was even overlooked by the Trial Judge, who signed the original judgment of divorce, which incorporated the agreement.

Thus, equity should be invoked here, as the result of the merger without the express incorporation of the provisions of the agreement into the judgment would be unconscionable. Such a result would be inconsistent with the clear intention of the parties as set forth in the unambiguous terms of the agreement, which was adjudicated to be a valid and enforceable contract by the order of the Supreme Court, Nassau County, dated May 21, 1986 *(see, J. N. A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392). The defendant would lose valuable property rights in the marital residence when it is clear she has complied with all her obligations under the agreement, including the forfeiture of all maintenance from the date of the agreement *(see also, United Skates v Kaplan,* 96 AD2d 232).

"It is the court's duty sitting in equity, to attempt to get at the substance of things and to ascertain, uphold and enforce the rights and duties which spring from the real relations of the parties. It will never suffer the mere appearance and external form to cancel the true purpose, object and consequences of a transaction" *(Sargent v Halsey,* 75 Misc 2d 624, 627, *affd* 42 AD2d 375). In this case, the mistake of the defendant's attorney in saying "merged" when he meant to say "incorporated" was so blatant that the plaintiff's attempt to gain an unfair advantage by reason of the one misspoken word is tantamount to "an evasion of a contract; not its fulfillment" *(Hammer v Michael,* 243 NY 445, 448; *see also, Hutt v Johnson,* 135 AD2d 501) and will not be countenanced by this court. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.