■ DENNIS CAHILL et al., Respondents, v WALTER LAZARSKI et al., Defendants, and BOGNER-SEITEL LUMBER CO., INC., Appellant. [641 NYS2d 124] —In an action, *inter alia,* to recover damages for breach of contract and implied warranty, the defendant Bogner-Seitel Lumber Co., Inc., appeals from so much of a judgment of the Supreme Court, Orange County (Green, J.), entered July 14, 1994, as, after a nonjury trial, is in favor of the plaintiffs and against it.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and the complaint is dismissed insofar as asserted against the defendant Bogner-Seitel Lumber Co., Inc.

On September 5, 1986, the defendant Walter Lazarski entered into a contract with the defendant Bogner-Seitel Lumber Co., Inc. (hereinafter Bogner), the appellant herein, for the framing of a house that he and his wife wished to build for their own personal use. Bogner was to furnish all the labor and materials required to build the shell of the house which included installation of the roof and supporting members. The contract between Bogner and Walter Lazarski contained a one-year warranty by Bogner against defects in material and workmanship. On November 24, 1986, Bogner completed the work pursuant to its contract. Thereafter, sometime in the fall or winter, the plaintiffs Mary and Dennis Cahill first observed the house, and in February 1987 they entered into a contract with the Lazarskis for the sale of the house. At this time Walter Lazarski, acting as the general contractor, was complet-

ing construction of the interior of the house. The plaintiffs took title to the premises in June 1987.

In August 1987 the plaintiffs noticed, *inter alia,* that the roof of the house was slightly warped and notified Walter Lazarski. After inspection of the roof and certain other problems, both Lazarski and a representative of Bogner advised the plaintiffs that they would come back in the spring of 1988 to better evaluate the defects.

In May 1990 Lazarski and an employee of Bogner returned to the house and acknowledged that the roof was warped and defective. In a failed attempt to remedy the warping, the defendants installed a ceiling fan. After May 1990 Bogner refused to return to the house to correct the warped roof and certain other defects.

It is well settled that only an intended beneficiary of a contract may assert a claim as a third-party beneficiary (*see, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655-656). Furthermore: " 'Generally it has been held that the ordinary construction contract—i.e., one which does not expressly state that the intention of the contracting parties is to benefit a third party—does not give third parties who contract with the promisee the right to enforce the latter's contract with another. Such third parties are generally considered mere incidental beneficiaries' " (*Board of Mgrs. v Schorr Bros. Dev. Corp.,* 182 AD2d 664, 665, quoting *Port Chester Elec. Constr. Corp. v Atlas, supra,* at 656).

In the instant case, the circumstances clearly show that neither Walter Lazarski nor Bogner intended to confer upon the plaintiffs the benefit of the promised performance of the September 5, 1986, contract for the framing of the house. The contract into which Bogner and Lazarski entered was specifically intended to benefit Lazarski. At trial, Lazarski testified that he told Bogner the house that was to be built was for the Lazarskis' personal use (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 43-45; *Lake Placid Club Attached Lodges v Elizabethtown Bldrs.,* 131 AD2d 159).

Moreover, under the circumstances of this case, Bogner may not be held liable under any theory of an implied warranty of merchantability (*see, Caceci v Di Canio Constr. Corp.,* 72 NY2d 52). Unlike the situation in *Caceci* where the purchasers sued the builder-vendor who contracted directly with them for the construction and sale of the house, here Bogner had no dealings with the plaintiffs prior to the closing of title (*see also, Board of Mgrs. v Schorr Bros. Dev. Corp., supra*). Balletta, J. P., Thompson, Santucci and Florio, JJ., concur.