■ DAVID PERRON et al., Plaintiffs, v HENDRICKSON/SCALAMANDRE/POSILLICO (TV), Appellant, et al., Defendants, and URS GREINER CONSULTANTS, INC., et al., Respondents. (And a Third-Party Action.) [725 NYS2d 662] —In an action to recover damages for personal injuries, etc., the defendant Hendrickson/Scalamandre/Posillico (TV) appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated September 30, 1999, as granted the separate motions of the defendant URS Greiner Consultants, Inc., and the defendant A & H Engineers, P. C., for summary judgment against it on their respective cross claims for indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motions are denied.

Hendrickson/Scalamandre/Posillico (TV) (hereinafter HSP) was the general contractor on a large construction project for the New York State Department of Transportation (hereinafter the DOT). Pursuant to the construction contract between the DOT and HSP (hereinafter the construction contract) HSP was required to indemnify and purchase liability insurance covering, among others, all of its subcontractors, and certain consultants separately retained by the DOT. URS Greiner Consultants, Inc. (hereinafter Greiner) was retained as a consultant, and hired A & H Engineers, P. C. (hereinafter Engineers) as a subconsultant. Pursuant to the agreement between Greiner

and the DOT, Greiner and all its subconsultants were each required to purchase their own liability insurance.

The plaintiff David Perron allegedly sustained personal injuries in the course of his employment on the construction site. He and his wife commenced this action against, among others, HSP, Greiner, and Engineers, alleging, among other things, unsafe conditions at the site. Greiner and Engineers cross-claimed against HSP and other defendants, *inter alia*, for indemnification, and separately moved for summary judgment against HSP on their respective cross claims for indemnification. The Supreme Court granted the separate motions of Greiner and Engineers for summary judgment against HSP on their cross claims for indemnification. We reverse.

The Supreme Court correctly found that there was no merit to HSP's contention that its construction contract with the DOT did not require it to purchase liability insurance covering Greiner and Engineers. However, the Supreme Court erred in granting the motions based on the construction contract since "the ordinary construction contract—i.e., one which does not expressly state that the intention of the contracting parties is to benefit a third party—does not give third parties who contract with the promisee the right to enforce the latter's contract with another" (*Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 656). Greiner and Engineers failed to show that as a matter of law they were intended third-party beneficiaries of that ordinary construction contract between HSP and the DOT, and thus entitled to enforce it and/or be compensated for damages for the breach of any of its provisions. Furthermore, that Greiner and Engineers were required to purchase their own insurance, while irrelevant to the inquiry into HSP's duties under the contract, is relevant to the existence of any obligation to indemnify (*see, Aievoli v Farley*, 223 AD2d 613, 614). Since Greiner and Engineers failed to establish as a matter of law that the contract between HSP and DOT gave rise to an implicit obligation for HSP to indemnify them, their respective motions should have been denied (*see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320). O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.