■ BROOKLYN UNION GAS COMPANY et al., Respondents, v INTERBORO ASPHALT SURFACE COMPANY, INC., et al., Appellants. [757 NYS2d 72] —In an action, inter alia, to recover damages for breach of contract and for contractual indemnification, the defendants Interboro Asphalt Surface Company, Inc., and Hartford Accident and Indemnity Company appeal from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated April 6, 2001, which granted the plaintiffs' motion for summary judgment on the causes of action asserted against the defendant Interboro Asphalt Surface Company, Inc., for indemnification and to recover damages for breach of a contract to procure liability insurance, and on the causes of action asserted against the defendant Hartford Accident and Indemnity Company for a judgment declaring that the plaintiff was entitled to coverage under a policy of liability insurance and to recover damages for breach of contract, and denied their separate cross motions for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court, dated July 18, 2001, which is in favor of the plaintiffs and against them in the principal sum of $542,224; and the defendant Hartford Accident and Indemnity Company separately appeals from (3) an order of the same court, dated November 21, 2001, which denied its motion for leave to reargue and, in effect, to resettle the decretal provision and to delete the factual recitals of the judgment dated July 18, 2001. Justice Cozier has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order dated April 6, 2001, is dismissed; and it is further,

Ordered that the judgment dated July 18, 2001, is modified by adding thereto a provision declaring that the Brooklyn Union Gas Company is an insured under the policy of insurance issued by the defendant Hartford Accident and Indemnity Company to the defendant Interboro Asphalt Surface Company, Inc., by reason of its third-party beneficiary status; as so modified, the judgment is affirmed; and it is further,

Ordered that the appeal from so much of the order dated November 21, 2001, as denied the motion of the defendant Hartford Accident and Indemnity Company for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated November 21, 2001, as denied that branch of the motion of the defendant Hartford Accident and Indemnity Company which was, in effect, to resettle the decretal provision of the judgment dated July 18, 2001, is dismissed, as no appeal lies from an order denying resettlement of the decretal provision of a judgment (*see Masters, Inc. v White House Discounts,* 119 AD2d 639 [1986]); and it is further

Ordered that so much of the order dated November 21, 2001, as denied that branch of the motion of the defendant Hartford Accident and Indemnity Company which was, in effect, to delete the factual recitals of the judgment dated July 18, 2001, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order dated April 6, 2001, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In 1968 the plaintiff Brooklyn Union Gas Company (hereinafter Brooklyn Union) entered into a contract with the defendant Interboro Asphalt Surface Company, Inc. (hereinafter Interboro), in which Interboro agreed to perform sidewalk repaving work after another contractor completed a gas main replacement project in Queens County (hereinafter the Interboro contract). During the course of the repaving work, Interboro paved over a gas shut-off valve located beneath the sidewalk near an apartment building located at 89-11 153rd

Street in Jamaica, Queens (hereinafter the premises). The purpose of the valve was to stop the flow of gas from the gas main to a service line entering the premises. On May 14, 1971, approximately 1½ years after the repaving work was completed, a fire erupted in the basement of the premises. The New York City Fire Department and Brooklyn Union were unable to cut the flow of gas to the premises because the shut-off valve had been paved over. While they attempted to reach the valve, an explosion occurred in which more than 70 people were injured and one firefighter died, and extensive damage to the premises resulted.

The Interboro contract contained a broad indemnification clause requiring Interboro to indemnify and hold Brooklyn Union harmless from and against, in relevant part, "any and all loss, damage and liability, costs and expenses, and from and against any and all claims" asserted against Brooklyn Union at any time, "whether or not groundless," caused by or to have arisen from, or claimed to have been caused by or to have arisen from or in connection with the repaving work performed by Interboro, whether or not the damage was attributable in any way to any negligence by Brooklyn Union, and whether or not Interboro was a named defendant in such actions. The clause further required Interboro, inter alia, to pay and/or reimburse any and all sums of money paid by Brooklyn Union in settlement of any actions. Finally, the Interboro contract required Interboro to obtain general liability and property damage insurance naming Brooklyn Union as an additional insured.

Although Interboro obtained an insurance policy from the defendant Hartford Accident and Indemnity Company (hereinafter Hartford), the policy failed to name Brooklyn Union as an additional insured. The policy did contain a contractual liability endorsement which specifically provided that Hartford would pay on Interboro's behalf all sums which Interboro assumed by reason of liability pursuant to written contracts entered into by it, including and expressly naming the Interboro contract. The endorsement specifically quoted and incorporated the terms of the indemnification clause in the Interboro contract.

In 1971 several actions were commenced against Brooklyn Union and Interboro alleging, inter alia, that Interboro was negligent in paving over the shut-off valve, and that Brooklyn Union was negligent in failing to inspect the valve to determine that it had been rendered inaccessible as a consequence of the repaving work. Those actions were ultimately settled, and

Brooklyn Union paid the plaintiffs more than $500,000. Brooklyn Union immediately commenced an action against Interboro and Hartford, inter alia, for indemnification, to recover damages for breach of contract, and for a judgment declaring that it was an insured under the Hartford policy. Brooklyn Union moved for summary judgment on the complaint, and the defendants separately cross-moved to dismiss the causes of action asserted against them. The Supreme Court granted summary judgment in favor of Brooklyn Union and against both defendants and awarded a judgment in the principal sum of $542,224, with interest from the date of the underlying settlement in the amount of $1,015,896.78.

Brooklyn Union made a prima facie showing of entitlement to judgment as a matter of law on the issue of contractual indemnification, and Interboro failed to submit sufficient evidence to raise a triable issue of fact (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The contract required Interboro to indemnify Brooklyn Union for any damages caused by or to have arisen from, or claimed to have been caused by or to have arisen from, or otherwise connected with, its work under the Interboro contract. The plaintiffs in the underlying actions claimed that their damages resulted, inter alia, from the paving over of the gas shut-off valve. Accordingly, the Supreme Court properly granted summary judgment to Brooklyn Union for indemnification of the amount of the settlement in the underlying action. Moreover, the Supreme Court properly awarded interest from the date of the settlement (see CPLR 5001; Love v State of New York, 78 NY2d 540 [1991]; Spodek v Park Prop. Dev. Assoc., 279 AD2d 467 [2001], affd 96 NY2d 577 [2001]).

Contrary to Hartford's contention, the language of the contract between Interboro and Hartford "clearly evidences an intent to permit enforcement by the third party [Brooklyn Union]" (Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 45 [1985]). Thus, the Supreme Court properly awarded summary judgment in favor of Brooklyn Union and against Hartford (see Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655-656 [1976]; Cahill v Lazarski, 226 AD2d 572 [1996]; Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 33-34 [1979], affd 49 NY2d 924 [1980]).

Since this is, in part, a declaratory judgment action, the Supreme Court should have made a declaration in favor of Brooklyn Union that it was an insured under the policy of insurance issued by Hartford to Interboro by reason of its status as a third-party beneficiary (see Lanza v Wagner, 11 NY2d 317,

334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The Supreme Court properly denied that branch of Hartford's motion which was to amend the preamble of the judgment to delete the recital of the grounds for the granting of Brooklyn Union's motion, since the motion was accurately described therein (*see Kay-Fries, Inc. v Martino,* 73 AD2d 342, 351 [1980]; *Bergin v Anderson,* 216 App Div 844 [1926]). However, since no appeal lies from an order denying resettlement of the substantive or decretal portions of a prior order or judgment (*see Matter of Sherman N.,* 267 AD2d 312 [1999]; *Masters, Inc. v White House Discounts, supra; Bergin v Anderson, supra*), so much of Hartford's appeal which was from that portion of the order dated November 21, 2001, which, in effect, denied resettlement of the decretal provision of the judgment must be dismissed.

In light of our determination, it is unnecessary to reach the defendants' remaining contentions. Krausman, J.P., Townes, Cozier and Rivera, JJ., concur.