■ REGATTA CONDOMINIUM ASSOCIATION, Respondent, v VILLAGE OF MAMARONECK et al., Defendants, and MANDEL ORGANIZATION, INC., Appellant. [758 NYS2d 102] —In an action, inter alia, to recover damages for negligent construction and design of a condominium complex, the defendant Mandel Organization, Inc., appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered March 5, 2002, which denied its motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as against the Mandel Organization, Inc., and the action against the remaining defendants is severed.

The plaintiff condominium association commenced this action, inter alia, seeking damages arising from the alleged negligent design and construction of a condominium complex. The defendant Mandel Organization, Inc. (hereinafter Mandel) contracted with the owner/sponsor of the condominium to act as the "Owner's Representative" on the project. The plaintiff alleged that Mandel's breach of that contract proximately caused "all of the serious and substantial construction and construction-related defects" claimed. The plaintiff sought recovery against Mandel as a third-party beneficiary of the contract and in tort. The Supreme Court denied Mandel's motion to dismiss the complaint insofar as asserted against it. We reverse.

Mandel's contract with the owner/sponsor did not expressly state an intention to benefit any third party, and the plaintiff did not otherwise plead any facts or circumstances that would support a finding that it was more than a mere incidental beneficiary of the contract (*see Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656 [1976]; *see also Perron v Hendrickson / Scalamandre / Posillico [TV],* 283 AD2d 627, 628 [2001]; *Cahill v Lazarski,* 226 AD2d 572, 573 [1996]; *World Trade Knitting Mills v Lido Knitting Mills,* 154 AD2d 99 [1990]; *cf., Board of Mgrs. of Alfred Condominium v Carol Mgt.,* 214 AD2d 380, 382-383 [1995]; *Board of Mgrs. of Astor Terrace Condominium v Schuman, Lichtenstein, Claman & Efron,* 183 AD2d 488 [1992]). Thus, the plaintiff failed to state a cause of action as a third-party beneficiary of Mandel's contract with the owner/sponsor.

Further, the complaint does not state a cause of action

against Mandel sounding in tort arising from the alleged breach of the contract. Ordinarily, the breach of a contractual obligation is not sufficient in and of itself to impose tort liability upon the promisor to noncontracting parties (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139 [2002]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220 [1990]). The case law has identified three sets of circumstances as exceptions to this general rule. The first is when the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk, sometimes described as conduct that has "launch[ed] a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Church v Callanan Indus.*, *supra* at 111; *Espinal v Melville Snow Contrs.*, *supra* at 141-142). The second is when the plaintiff has suffered an injury as a result of reasonable reliance upon the defendant's continuing performance of a contractual obligation (*see Church v Callanan Indus.*, *supra* at 111-112; *Espinal v Melville Snow Contrs.*, *supra* at 140). The third is where the contracting party "has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, *supra* at 140; *see Church v Callanan Indus.*, *supra* at 112; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]). Here, the plaintiff failed to plead facts or circumstances that would give rise to any of these three exceptions. Indeed, scrutiny of the contract between Mandel and the owner/sponsor, which limited Mandel's presence at the job site to two days a week, reveals that the tasks undertaken by Mandel were, in the main, administrative and organizational in nature. Finally, no relationship akin to privity between Mandel and the plaintiff was established (*see Ossining Union Free School Dist. v Anderson, LaRocca, Anderson,* 73 NY2d 417 [1989]; *Melnick v Parlato,* 296 AD2d 443 [2002]). Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.