■ REGATTA CONDOMINIUM ASSOCIATION, Respondent, v VILLAGE OF MAMARONECK et al., Appellant, et al., Defendants. [758 NYS2d 813] —In an action, inter alia, to recover damages for negligent construction and design of a condominium complex, the defendant Newman & Novak Architects, P.C., appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered March 5, 2002, which denied its motion to dismiss the plaintiff's fifth cause of action, asserted solely against it, to recover damages, inter alia, for breach of contract.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the fifth cause of action is dismissed.

The plaintiff condominium association commenced this action, inter alia, seeking damages arising from the alleged negligent design and construction of a condominium complex. The defendant Newman & Novak Architects, P.C. (hereinafter Newman & Novak) was the architect for the condominium complex. The Supreme Court denied the motion of Newman & Novak to dismiss the fifth cause of action, asserted solely against it, which sought damages from Newman & Novak, inter alia, for breach of contract. We reverse.

Based on case law more fully discussed in *Regatta Condominium Assn. v Village of Mamaroneck* (303 AD2d 739 [2003] [decided herewith]), the plaintiff failed to plead facts and circumstances that would give rise to a viable cause of action either as a third-party beneficiary of Newman & Novack's contract to perform architectural services (*see Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655-656 [1976]; *Perron v Hendrickson / Scalamandre / Posillico [TV],* 283 AD2d 627, 628 [2001]; *Cahill v Lazarski,* 226 AD2d 572, 573 [1996]; *contra Board of Mgrs. of Alfred Condominium v Carol Mgt.,* 214 AD2d 380, 382-383 [1995]; *Board of Mgrs. of Astor Terrace Condominium v Schuman, Lichtenstein, Claman & Efron,* 183 AD2d 488 [1992]), or in tort arising from the alleged breach of the contract (*see Church v Callanan Indus.,* 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220 [1990]). Finally, no relationship akin to privity between Newman & Novak and the plaintiff was established (*see Ossining Union Free School Dist. v Anderson, LaRocca, Anderson,* 73 NY2d 417 [1989]; *Melnick v Parlato,* 296 AD2d 443 [2002]). Thus, the fifth cause of action should have been dismissed. Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.