■ Natalia Khlevner, Appellant, v Ruslan Khlevner, Respondent. [851 NYS2d 637]—In a matrimonial action in which the parties were divorced by judgment dated March 10, 2006, the plaintiff appeals from an order of the Supreme Court, Kings

County (Platt, J.H.O.), dated April 12, 2007, which granted that branch of the defendant's cross motion which was to vacate the judgment of divorce.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new hearing on the defendant's cross motion and thereafter for a new determination of the cross motion.

The defendant was served with a summons with notice on November 4, 2005, five days before initiatory papers were filed with the County Clerk. On December 15, 2005 the defendant signed two documents: an affidavit stating that he was appearing in the action but did not intend to respond to the summons or answer the complaint and a settlement agreement. A judgment of divorce was entered in March 2006.

In May 2006 the plaintiff moved for an order of protection and for an order setting a visitation schedule. The defendant cross-moved, inter alia, to vacate the judgment and to set aside the settlement agreement on the ground, among others, that the plaintiff fraudulently induced him to sign the affidavit and settlement agreement. The matter was referred to a judicial hearing officer for a hearing and a determination of the defendant's cross motion.

Before the hearing was completed, the court noted that its review of the court file revealed that the defendant was served with the summons with notice before the initiatory papers were filed with the County Clerk. The court terminated the hearing prematurely and granted that branch of the cross motion which was to vacate the judgment on the ground that the attempted service before the filing of the initiatory papers was a nullity (see Matter of Gershel v Porr, 89 NY2d 327 [1996]).

The Supreme Court should not have raised the defect in commencement sua sponte and vacated the judgment on that ground because the defendant waived any objection to the defect in commencement by failing to raise a timely objection thereto (see Harris v Niagara Falls Bd. of Educ., 6 NY3d 155, 159 [2006]; Matter of Fry v Village of Tarrytown, 89 NY2d 714 [1997]). Since the hearing on the defendant's cross motion was not completed, we must remit the matter to the Supreme Court, Kings County, for a continuation of the hearing and for a new determination of the cross motion.

We note that at the hearing, the court improperly precluded testimony concerning whether the plaintiff's former attorney acted mistakenly when he included a provision in the proposed judgment of divorce which, contrary to the settlement agreement itself, provided that the settlement agreement would be

merged into the judgment (*see Schwartz v Schwartz,* 153 AD2d 935 [1989]). Such testimony should be permitted at the continued hearing.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Florio, Lifson and Covello, JJ., concur.