■ KUN SIK KIM, Respondent, v STATE STREET HOSPITALITY, LLC, et al., Appellants, and DAN'S HAULING & DEMO, INC., Respondent. [941 NYS2d 269]—

In an action to recover damages for personal injuries, the defendants State Street Hospitality, LLC, Nytex Development, Inc., and Martin Environmental Services, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated September 20, 2010, as granted the motion of the defendant Dan's Hauling and Demo, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against that defendant, and, in effect, granted the plaintiff leave to file a late cross motion for summary judgment and thereupon granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against them.

Ordered that the appeal from so much of the order as granted

the motion of the defendant Dan's Hauling and Demo, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from so much of the order as granted that branch of the motion of the defendant Dan's Hauling and Demo, Inc. (hereinafter Dan's Hauling), which was for summary judgment dismissing the complaint insofar as asserted against it must be dismissed as the appellants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]). The appeal from so much of the order as granted that branch of the motion of Dan's Hauling which was for summary judgment dismissing all cross claims asserted against that defendant must be dismissed, since the appellants did not submit papers in opposition to the motion of Dan's Hauling and, therefore, were not aggrieved by that portion of the order (see CPLR 5511; Darras v Romans, 85 AD3d 710 [2011]).

The plaintiff allegedly was injured at certain property owned by the defendant State Street Hospitality, LLC (hereinafter State Street), as he was demolishing a portion of a wall in the course of his employment. He was standing on an A-frame ladder and using a 20-pound sledgehammer to demolish the wall, when a piece of masonry fell from the wall and struck the ladder, causing it and the plaintiff to fall.

The plaintiff commenced this action, asserting Labor Law and common-law negligence causes of actions against State Street, as the owner of the building, the defendant Nytex Development, Inc. (hereinafter Nytex), as the project's construction manager, the defendant Martin Environmental Services, Inc. (hereinafter Martin), as the asbestos removal and interior demolition subcontractor, and Dan's Hauling, which was subcontracted by Martin to perform interior demolition work.

State Street, Nytex, and Martin (hereinafter collectively the appellants) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and Dan's Hauling separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. While these motions were pending, the plaintiff filed a cross motion for summary judgment on the issue of liability on its causes of action under Labor Law § 240 (1) and § 241 (6) insofar as asserted against the appellants. None of the parties opposed the motion of Dan's Hauling. The Supreme Court, inter

alia, in effect, granted the plaintiff leave to file a late cross motion for summary judgment and thereupon granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the appellants. The Supreme Court also granted the unopposed motion of Dan's Hauling for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The Supreme Court did not improvidently exercise its discretion by, in effect, granting the plaintiff leave to file a late cross motion for summary judgment. The appellants failed to demonstrate prejudice from the late filing, and the issues raised on the cross motion were nearly identical to those raised on the appellants' motion for summary judgment, which was timely filed and still pending (*see Boehme v A.P.P.L.E., A Program Planned for Life Enrichment*, 298 AD2d 540, 541-542 [2002]; *cf. Homeland Ins. Co. of N.Y. v National Grange Mut. Ins. Co.*, 84 AD3d 737 [2011]; *Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]; *Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 496-497 [2005]). The Supreme Court also properly granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the appellants. The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action by establishing that he fell from an unsecured ladder on which he was standing when a piece of masonry falling from the wall hit the ladder (*see Beamon v Agar Truck Sales, Inc.*, 24 AD3d 481, 483 [2005]). In opposition, the appellants failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of his injury (*id.*; *cf. Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-291 [2003]). Balkin, J.P., Belen, Hall and Miller, JJ., concur. **[Prior Case History: 29 Misc 3d 1212(A), 2010 NY Slip Op 51803(U).]**