In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered September 18, 2015, which granted the motion of the defendant Trade Show Specialists Corp. for summary judgment dismissing the amended complaint insofar as asserted against it and those branches of the separate motion of the defendants Hyundai Motor America, Trade Show Fabrications, Inc., and Innocean Worldwide Americas, LLC, which were for summary judgment dismissing the amended complaint insofar as asserted against them.
 

 Ordered that the appeal from so much of the order as granted that branch of the motion of the defendants Hyundai Motor America, Trade Show Fabrications, Inc., and Innocean Worldwide Americas, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Hyundai Motor America is dismissed; and it is further,
 

 Ordered that the order is affirmed insofar as reviewed; and it is further,
 

 Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
 

 The appeal from so much of the order as granted that branch of the motion of the defendants Hyundai Motor America (hereinafter Hyundai), Trade Show Fabrications, Inc. (hereinafter TSF), and Innocean Worldwide Americas, LLC (hereinafter In-nocean), which was for summary judgment dismissing the amended complaint insofar as asserted against Hyundai must be dismissed, as the plaintiff did not oppose the grant of such relief and is therefore not aggrieved by that portion of the order (see CPLR 5511; Kun Sik Kim v State St. Hospitality, LLC, 94 AD3d 708, 709 [2012]).
 

 The defendant Trade Show Specialists Corp. (hereinafter TSS) made a prima facie showing of entitlement to summary judgment dismissing the amended complaint insofar as asserted against it by establishing that the plaintiff was its special employee and, thus, was barred from seeking to recover damages for personal injuries against it by the Workers’ Compensation Law (see Thompson v Grumman Aerospace Corp., 78 NY2d 553 [1991]; Wilson v A.H. Harris & Sons, Inc., 131 AD3d 1050, 1051 [2015]; Grilikhes v International Tile & Stone Show Expos, 90 AD3d 480 [2011]). Since the plaintiff failed to raise a triable issue of fact in opposition, the Supreme Court properly granted TSS’s motion for summary judgment dismissing the amended complaint insofar as asserted against it.
 

 TSF and Innocean made a prima facie showing of entitlement to summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against them by establishing that they did not have authority or control over the work site or the work being performed when the plaintiff allegedly was injured (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317 [1981]; Doto v Astoria Energy II, LLC, 129 AD3d 660, 663 [2015]; Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 754 [2014]). In opposition, the plaintiff’s conclusory allegations with no evidentiary support failed to raise a triable issue of fact (see S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 342 [1974]).
 

 Finally, TSF and Innocean made a prima facie showing of entitlement to summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them by establishing that the Industrial Code provisions relied upon by the plaintiff were inapplicable to the facts of the case (see Keener v Cinalta Constr. Corp., 146 AD3d 867, 868 [2017]; Kowalik v Lipschutz, 81 AD3d 782, 784 [2011]; Cooper v State of New York, 72 AD3d 633, 635 [2010]; Cabrera v Sea Cliff Water Co., 6 AD3d 315, 316 [2004]; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 621 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact.
 

 Accordingly, TSF and Innocean were properly awarded summary judgment dismissing the amended complaint insofar as asserted against them.
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.