Old Crompond Rd., LLC v County of Westchester (2022 NY Slip Op 00310)





Old Crompond Rd., LLC v County of Westchester


2022 NY Slip Op 00310


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-00909
 (Index No. 57579/16)

[*1]Old Crompond Road, LLC, respondent,
v
County of Westchester, appellant.


John M. Nonna, County Attorney, White Plains, NY (Justin R. Adin of counsel), for appellant.
Welby, Brady & Greenblatt, LLP, White Plains, NY (Alan D. Singer of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated December 31, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the first cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the first cause of action is granted.
On July 30, 2012, the plaintiff, Old Crompond Road, LLC, entered into a contract (hereinafter the sale agreement) with the defendant, County of Westchester, to develop 26 affordable housing units at certain premises in Yorktown (hereinafter the Crompond project). Pursuant to the sale agreement, the plaintiff agreed to construct the fair and affordable housing development, and the County agreed to fund and construct certain infrastructure improvements. According to Schedule B of the sale agreement, construction was to be completed on or before December 30, 2014.
On May 2, 2013, the County entered into a contract with Bradhurst Site Construction Corp. (hereinafter Bradhurst) for construction of the infrastructure improvements at the Crompond project (hereinafter the Bradhurst contract). The Bradhurst contract provided that the work was to commence on May 16, 2013, and to terminate on May 15, 2015. It is undisputed that Bradhurst completed the infrastructure improvements in or about October 2014.
The plaintiff commenced this action against the County in May 2016. The County moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, and the plaintiff cross-moved for leave to serve and file an amended complaint. While those motions were pending, a note of issue was filed, and the County moved for summary judgment dismissing the complaint. In an order dated October 18, 2018, the Supreme Court denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and granted the plaintiff's cross motion for leave to serve and file an [*2]amended complaint. Shortly thereafter, the plaintiff filed an amended complaint.
The first cause of action in the amended complaint sought to recover damages, in effect, for breach of contract. It alleged that the plaintiff was a third-party beneficiary of the Bradhurst contract, and that under the Bradhurst contract, the work was to be completed by October 2013, but it took substantially longer due to inexcusable delays by the County and Bradhurst. The amended complaint alleged that despite numerous requests by the plaintiff, the County failed to take steps to speed the construction along, resulting in damages to the plaintiff.
In an order dated June 28, 2019, the Supreme Court noted that some confusion had arisen as to whether the County's motion for summary judgment was still pending. The court denied the pending motion as premature, on the ground that it was made prior to service of the County's answer to the amended complaint.
In August 2019, the County moved for summary judgment dismissing the amended complaint. The plaintiff opposed the motion and argued, inter alia, that the motion was untimely and was an improper third attempt to obtain dismissal of the complaint. In an order dated December 31, 2019, the Supreme Court rejected the plaintiff's argument that the motion was untimely or improper, and, inter alia, denied that branch of the County's motion which was for summary judgment dismissing the first cause of action. The County appeals, arguing the merits of that branch of its motion. In its responding brief, the plaintiff, in effect, argues as an alternative ground for affirmance that the motion should have been denied as untimely and as an improper second summary judgment motion.
"Although successive motions for summary judgment are disfavored, a subsequent summary judgment motion may be properly entertained when it is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts" (Graham v City of New York, 136 AD3d 747, 748; see Aurora Loan Servs., LLC v Yogev, 194 AD3d 996, 997). Additionally, the "Supreme Court is afforded wide latitude with respect to determining whether good cause exists for permitting late motions. It may . . . entertain belated but meritorious motions in the interest of judicial economy where the opposing party fails to demonstrate prejudice" (Boehme v A.P.P.L.E., A Program Planned for Life Enrichment, 298 AD2d 540, 541-542; see Kun Sik Kim v State St. Hospitality, LLC, 94 AD3d 708, 710; Whitehead
v City of New York, 79 AD3d 858, 860). Under the circumstances here, the Supreme Court providently exercised its discretion in considering the County's belated but meritorious motion for summary judgment (see Aurora Loan Servs., LLC v Yogev, 194 AD3d at 997; Kun Sik Kim v State St. Hospitality, LLC, 94 AD3d at 710).
"A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost" (State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [internal quotation marks omitted]; see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 112 AD3d 594, 596).
"[T]he identity of a third-party beneficiary need not be set forth in the contract or, for that matter, even be known as of the time of its execution" (Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C., 111 AD3d 881, 883 [internal quotation marks omitted]; see Desernio v Adrelean, 188 AD3d 992, 993). "However, an intent to benefit the third party must be shown, and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts" (Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655 [citations omitted]; see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710). Courts generally have recognized "a third party's right to enforce a contract in two situations: when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was 'an intent to permit enforcement by the third party'" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 710, quoting Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 45).
Here, the County established, prima facie, that the plaintiff was not a third-party beneficiary of the Bradhurst contract, by showing that the plaintiff was not the only entity that could recover under the contract, and that the contract did not contain any language evincing the parties' intent to authorize the plaintiff to enforce any obligations thereunder (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 710-711; BDG Oceanside, LLC v RAD Term. Corp., 14 AD3d 472, 473; Amin Realty v K & R Constr. Corp., 306 AD2d 230, 231-232; Perron v Hendrickson/Scalamandre/Posillico [TV], 283 AD2d 627, 628). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the County's motion which was for summary judgment dismissing the first cause of action.
The parties' remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court