Merlino v Knudson (2023 NY Slip Op 01084)

Merlino v Knudson

2023 NY Slip Op 01084

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-07327
 (Index No. 151512/19)

[*1]Ann Merlino, etc., et al., appellants,
v
Leonore Knudson, et al., respondents.

Leavitt Kerson & Sehati, Forest Hills, NY (Paul E. Kerson of counsel), for appellants.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for respondents Integrity Service, Inc., and Claudette Duff.
Sgarlato & Sgarlato, Staten Island, NY (Michael D. Fitzgerald of counsel), for respondents Leonore Knudson, Viola Houston, John Knudson, Kenneth Knudson, and Elisa Iannacone.
Nixon Peabody LLP, Buffalo, NY (Tracey B. Scarpello of counsel), for respondent Home Instead, Inc., and William P. Perniciaro, Staten Island, NY, for respondent Care for Seniors, LLC (one brief filed).

DECISION & ORDER
In an action to recover damages for conversion, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated September 18, 2020. The order, insofar as appealed from, (1) granted that branch of the motion of the defendants Home Instead, Inc., and Care for Seniors, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against them, (2) granted those branches of the separate motions of the defendants Leonore Knudson, Viola Houston, John Knudson, Kenneth Knudson, and Elisa Iannacone and the defendants Integrity Service, Inc., and Claudette Duff which were pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them, and (3) denied the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to file a second amended complaint to assert a cause of action alleging breach of contract against the defendants Home Instead, Inc., and Care for Seniors, LLC.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiffs are three siblings of Ida Merlino. In or about October 2012, the Supreme Court appointed a guardian of the person and property of Ida Merlino in a guardianship proceeding commenced by the plaintiff Ann Merlino. Ida Merlino, the oldest of twelve siblings, lived in the family home in Staten Island until 2016, when she moved to a nursing home. From May 13, 2013, through August 2014, Ida Merlino received home care services from the defendant Integrity Service, Inc., which is owned by the defendant Claudette Duff (hereinafter together the Integrity defendants). The defendant Care for Seniors, LLC (hereinafter Care for Seniors), an [*2]independently-owned franchisee of the defendant Home Instead, Inc. (hereinafter Home Instead, and together with Care for Seniors, the Home Instead defendants), provided home care services to Ida Merlino at the family home from July 30, 2014, to February 14, 2016. The defendants Leonore Knudson, Viola Houston, John Knudson, Kenneth Knudson, and Elisa Iannacone (hereinafter collectively the Knudson defendants) are the plaintiffs' estranged relatives.
On or about June 24, 2019, the plaintiffs commenced this action against the Integrity defendants, Home Instead, and the Knudson defendants. On or about August 16, 2019, the plaintiffs filed an amended complaint against those defendants and Care for Seniors, asserting one cause of action for conversion. The plaintiffs alleged, inter alia, that upon taking possession of the family home in or about February 2017, they discovered that several items of personal property were missing, and that each of the defendants had access to the home immediately before the plaintiffs took possession. In addition, the plaintiffs alleged that John Knudson wrongfully removed a sum of money from certain bank accounts of Ann Merlino. In an unverified bill of particulars dated December 13, 2019, the plaintiffs indicated that alleged converted items were taken "[d]uring the years 2012 to 2017 when each of these Defendants had access" to the family home. In a subsequent verified bill of particulars dated February 21, 2020, the plaintiffs clarified that the alleged wrongful conversion of money by John Knudson occurred, at the latest, in 2012.
The Home Instead defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them as time-barred. The Knudson defendants and the Integrity defendants separately moved, among other things, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them. The plaintiffs opposed the motions and cross-moved pursuant to CPLR 3025(b) for leave to file a second amended complaint to assert a cause of action for breach of contract against the Home Instead defendants, alleging that the plaintiffs were third-party beneficiaries of an alleged contract between Ida Merlino's guardian and the Home Instead defendants for services provided at the family home. In an order dated September 18, 2020, the Supreme Court, inter alia, granted that branch of the motion of the Home Instead defendants which was for summary judgment dismissing the amended complaint insofar as asserted against them as time-barred, granted those branches of the separate motions of the Knudson defendants and the Integrity defendants which were pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them on the ground that the action was time-barred, and denied the plaintiffs' cross-motion. The plaintiffs appeal.
"Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (Spodek v Neiss, 104 AD3d 758, 759 [internal quotation marks omitted]; see Mirro v City of New York, 159 AD3d 964, 967). The decision whether to grant such leave is within the court's sound discretion and "the exercise of that discretion will not be lightly disturbed" (Thomson v Watchtower Bible & Tract Socy. of N.Y., Inc., 198 AD3d 996, 997-998 [internal quotation marks omitted]; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959).
A party asserting rights as a third-party beneficiary "must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost" (Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [internal quotation marks omitted]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182). "[A]n intent to benefit the third party must be shown, and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts" (Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655 [internal citations omitted]; see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710; see Old Crompond Rd., LLC v County of Westchester, 201 AD3d 806, 808). "Courts generally have recognized a third party's right to enforce a contract in two situations: when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was an intent to permit enforcement by the third party" (Old Crompond Rd., LLC v County of Westchester, 201 AD3d at 808-809 [internal quotation marks omitted]; see Financial Assistance, Inc. v Graham, 191 AD3d 952, 956).
The Supreme Court providently exercised its discretion in denying the plaintiffs' cross-motion for leave to file a second amended complaint. In the proposed cause of action alleging breach of contract, the plaintiffs failed to allege that they are the only ones who could recover for the breach of the purported contract, or that there was an intent to permit enforcement of the purported contract by the plaintiffs. It is, in effect, undisputed that Ida Merlino and her guardian could sue for breach of the purported contract. Moreover, the plaintiffs failed to assert any factual allegations to support their conclusory allegation that they are third-party beneficiaries of the purported contract. Accordingly, the proposed amendment is palpably insufficient and patently devoid of merit (see Dragons 516 Ltd. v GDC 138 E 50 LLC, 201 AD3d 463, 464; U.S. Bank N.A. v Lent, 193 AD3d 1098, 1101; Zeleznik v MSI Constr., Inc., 50 AD3d 1024, 1025).
The Supreme Court also properly directed dismissal of the amended complaint as time-barred. "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Siegler v Lippe, 189 AD3d 903, 904; see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50). "A cause of action alleging conversion is subject to a three-year limitations period" (Obstfeld v Thermo Niton Analyzers, LLC, 168 AD3d 1080, 1083; see CPLR 214[3]). A cause of action for conversion accrues when the conversion or taking occurred (see Sporn v MCA Records, 58 NY2d 482, 488; Siegler v Lippe, 189 AD3d at 904), and "not from discovery" (Obstfeld v Thermo Niton Analyzers, LLC, 168 AD3d at 1083; see Torrance Constr., Inc. v Jacques, 127 AD3d 1261, 1265). Here, it is, in effect, undisputed that the Integrity defendants and the Home Instead defendants stopped providing home care services to Ida Merlino at the family home as of August 2014 and February 14, 2016, respectively, i.e., more than three years before the plaintiffs commenced this action on or about June 24, 2019. The Knudson defendants also established, prima facie, that the alleged wrongful conversion of money by John Knudson occurred approximately seven years prior to the commencement of this action, and that any items of personal property alleged to have been wrongfully removed were either taken by the plaintiffs or removed at least three years prior to the commencement of this action. The plaintiffs failed to raise a question of fact with respect to the Knudson defendants' prima facie showing. Accordingly, the court properly directed dismissal of the amended complaint insofar as asserted against all of the defendants.
The parties' remaining contentions need to be reached in light of our determination.
We decline the Knudson defendants' request to impose sanctions against the plaintiffs for pursuing an allegedly frivolous appeal insofar as taken against them (see 22 NYCRR 130-1.1).
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.

2020-07327 DECISION & ORDER ON MOTION
Ann Merlino, et al., appellants,
v Leonore Knudson, et al., respondents.
(Index No. 151512/19)

Appeal from an order of the Supreme Court, Richmond County, dated September 18, 2020. Motion by the respondents Leonore Knudson, Viola Houston, John Knudson, Kenneth Knudson, and Elisa Iannacone to dismiss the appeal insofar as taken against them as abandoned. Motion by the respondents Integrity Service, Inc., and Claudette Duff, inter alia, to dismiss the appeal insofar as taken against them as abandoned. By decision and order on motion of this Court dated March 17, 2021, the motion by the respondents Leonore Knudson, Viola Houston, John Knudson, Kenneth Knudson, and Elisa Iannacone and the branch of the motion by the respondents Integrity Service, Inc., and Claudette Duff which are to dismiss the appeal insofar as taken against [*3]each of them as abandoned were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion by the respondents Leonore Knudson, Viola Houston, John Knudson, Kenneth Knudson, and Elisa Iannacone and the branch of the motion by the respondents Integrity Service, Inc., and Claudette Duff which are to dismiss the appeal insofar as taken against each of them as abandoned are denied.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court