Louis O'Brien, Respondent, *v.* City of New York, Appellant, and Watson-Flagg Engineering Co., Inc., Respondent.
Watson-Flagg Engineering Co., Defendant and Third-Party Plaintiff, *v.* Law Pipe Railing Corp., Third-Party Defendant.

First Department, June 12, 1958.

*Edward Ash* of counsel (*Joseph Arthur Cohen* with him on the brief; *Alexander, Ash & Schwartz,* attorneys), for defendant and third-party plaintiff.

*Seymour B. Quel* of counsel (*Abraham Satran* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

McNALLY, J. Defendant-respondent Watson-Flagg Engineering Co., Inc., moves to dismiss the appeal of the defendant-appellant City of New York on the ground that it is not timely. On January 17, 1956, judgment was entered in favor of plaintiff and dismissing the cross complaint of the City of New York against the moving respondent. On January 26, 1956, plaintiff served a copy of said judgment upon the defendant City of New York. The moving respondent, however, failed to serve a copy of said judgment upon the said defendant-appellant. Thereafter, on February 7, 1958, the defendant-appellant City of New York served a notice of appeal from that portion of the judgment dismissing its cross complaint against the moving respondent.

Respondent contends that the service of the notice of entry of judgment made by the plaintiff started running the limitation of time set forth in section 612 of the Civil Practice Act in respect of the right of the defendant-appellant City of New York to appeal from the dismissal of its cross complaint. Section 612 limits the time to appeal as follows: " within thirty

days after service upon the attorney for the appellant of a copy of the judgment or order appealed from and a written notice of the entry thereof except that the party entering the judgment or order, or serving the notice of the entry thereof, shall not be entitled to further notice to limit his time to appeal."

*People ex rel. Manhattan Storage & Warehouse Co.* v. *Lilly* (299 N. Y. 281) equated "the party entering the judgment" with the automatic entry of a judgment following its submission by the appellant. In so doing, the court was construing the exception contained in section 612. Thereby, the court did not intend to relax the requirements necessary to start running the time limitation in respect of an appeal, for the court, in the cited case at page 285, said: "This is not contrary to the general policy requiring a party who seeks to limit time to appeal to conform to strict practice (*Kelly* v. *Sheehan*, 76 N. Y. 325)." In the *Kelly* case, the respondent's notice of entry of judgment was not indorsed with the name of the respondent's attorney. There the court, holding the notice of entry of judgment was void, said at page 326: "There being no power in the court to relieve a party who fails to take an appeal in due time, however meritorious his excuse, the party undertaking to limit the time is held to strict practice."

Section 612 has been construed to require the prevailing party to serve notice of entry of judgment upon his adversary if he would limit his time to appeal; the moving respondent may not avail himself of the judgment and notice of entry served by the plaintiff herein. (*Kilmer* v. *Hathorn*, 78 N. Y. 228; *Fairchild* v. *Edson*, 81 Hun 80, affd. 144 N. Y. 645.)

The case of *Title Guar. & Trust Co.* v. *Uniform Fibrous Talc Co.* (127 Misc. 183) is squarely in point. It stands for the proposition that as far as the right of a defendant to appeal as against a codefendant is concerned, said defendant's time to appeal does not start to run until 30 days after service upon him of notice of entry of the judgment by the prevailing codefendant. It was so held despite the fact that in that case the plaintiff had served notice of entry of the judgment on the appealing defendant. Although this case was decided by the Supreme Court, at Special Term, the court relied, among others, on the Court of Appeals decision in *Kilmer* v. *Hathorn* (*supra*).

As has been indicated, the party seeking to limit the time of another to take an appeal must be held strictly to the rules of practice and failure to comply therewith may not be overlooked. In view of the fact that the City of New York in this case had the right to rely upon these previous decisions, no matter how well reasoned the argument for a contrary result might be, we

cannot, in the circumstances, hold that its right to appeal is barred. If it should be deemed illogical to require, for appeal purposes, a notice of judgment to be served upon a party twice, merely because his appeal is against a codefendant, then the matter should be one for correction by the Legislature rather than by this court. Until such action is taken by the Legislature or until the Court of Appeals rules differently, we feel constrained to enforce the statute as construed.

The motion should be denied.

RABIN, J. P., FRANK, VALENTE and STEVENS, JJ., concur.

Motion to dismiss appeal denied, with $10 costs.