(May 3, 1983)

■ LEON P. NAGIN et al., Appellants, v LONG ISLAND SAVINGS BANK, Respondent. JANET M. REYNOLDS et al., Additional Parties upon the Counterclaim; SAUL WACHTLER et al., Additional Parties upon the Counterclaim. — Motion by respondent to dismiss the appeal by plaintiffs from the order and judgment (one paper) of the Supreme Court, Nassau County, dated June 8, 1982 on ground that the appeal was not timely taken. Cross motion by Laurence W. Nagin, Esq., (1) for a declaration that the notice of appeal served and filed by him is effective for all parties represented by said attorney, and (2) to deny the respondent's motion to dismiss the appeal. Motion to dismiss denied, without costs. Cross motion insofar as it is to declare the notice of appeal, served on July 13, 1982, effective for all parties represented by counsel Laurence Nagin, denied but granted insofar as it is to deny dismissal of plaintiffs' appeal. The notice of entry served by respondent indicated that the order and judgment (one paper) was entered on "or about June 8, 1982", when it was in fact, entered on June 10, 1982. The notice of entry must correctly state *when* and where, the judgment of decree appealed from was entered. (See *Matter of Downey*, 275 App Div 1008). The party seeking to limit the time of another to take an appeal must be held strictly to the rules of practice and failure to comply therewith may not be overlooked (*Kelly v Sheehan*, 76 NY 325; *O'Brien v City of New York*, 6 AD2d 63). Since proper notice of entry of this judgment was never served on appellants, their time to appeal never commenced running (CPLR 5513, subd [a]) and the notice of appeal, dated July 14, 1982, was therefore timely. (*Matter of Upset, Inc. v Power Auth. of State of N. Y.*, 59 AD2d 630.) *Guarantee Trust Co. v Philadelphia, Reading & New England R. R. Co.* (160 NY 1), relied upon by respondent, is distinguishable. In that case, the Court of Appeals rejected the appellant's contention that the written notice of entry was insufficient because it stated that the order was entered in the office of the Clerk of Dutchess County on July 9, whereas it was entered in the office of the Clerk of the Appellate Division on July 7, and a certified copy filed in the Dutchess County Clerk's office on July 9. The rules of the court and section 1355 of the Code of Civil Procedure required all final orders and judgments to ultimately be entered in the county clerk's office and authorized the entry procedure, which had been pursued, in order to enable the Clerk of the Appellate Division to maintain a record of its decisions. Accordingly, an entry had been made in the county clerk's office on the date specified in the written notice of entry, pursuant to the authorized procedure. Unlike Guaranty Trust Co., no entry of the order occurred on the date enumerated in respondent's written notice of entry. Regarding the cross motion, the notice of appeal is effective only for the plaintiffs in this action because it expressly states "Please take notice, that the above named Plaintiffs hereby appeal". Since Special Term denied by order, dated June 17, 1981, the class action motion brought by plaintiffs Leon Nagin and Sylvia Nagin, on behalf of "all other persons making mortgage loans with the defendant based upon commitments issued within 120 commitment days prior to December 8, 1978 at an interest rate in excess of 8½ percent", the only plaintiffs were Leon and Sylvia Nagin. Consequently, the notice of appeal was effective only for plaintiffs Leon Nagin and Sylvia Nagin. Since the notice of entry of the order and judgment served by respondent was insufficient to commence the running of the 30-day period of limitations, the "Additional Parties Upon Counterclaims" may still timely file a notice of appeal. Lazer, J. P., Gulotta, Weinstein and Rubin, JJ., concur.