■ ELLIOT MADDOX et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. (And Four Other Actions.) — Motion by plaintiffs-respondents to dismiss the appeal by the defendant, City of New York, from the order of Supreme Court,

Queens County (Dunkin, J.), entered November 22, 1983, on the ground that the appeal was not timely taken.

Motion denied, without costs.

Plaintiffs have moved to dismiss the appeal by the City of New York (City), a defendant in one of several consolidated personal injury actions, from an order of the Supreme Court, Queens County, entered November 22, 1983, which, *inter alia,* denied its cross motion for summary judgment. The basis for the application is the alleged lack of timeliness of the appeal pursuant to the provisions of CPLR 5513 (subd [a]). It is conceded by the parties that another defendant in the same group of consolidated actions served upon all of the parties in those actions, including the defendant-appellant City, a copy of the order appealed from with notice of its entry on February 7, 1984. Plaintiffs, however, have failed to serve upon the appellant City a copy of the order with notice of its entry. Pursuant to CPLR 5513 (subd [a]), "An appeal as of right must be taken within thirty days after service upon the appellant of a copy of the judgment or order appealed from and written notice of its entry". The 30-day period for taking an appeal prescribed by CPLR 5513 (subd [a]) is extended by five days pursuant to CPLR 2103 (subd [b], par 2) for documents served by mail. The City served and filed a notice of appeal dated March 27, 1984, more than 35 days after the codefendant served a copy of the order appealed from, together with notice of its entry.

We conclude, under the above circumstances, that plaintiff's motion to dismiss the City's appeal must be denied pursuant to the principle, developed in case law, that a party who is moving to dismiss an adversary's appeal as untimely must have served upon that appellant a copy of the order or judgment appealed from, together with notice of its entry, in order to start the running of the limitations period in CPLR 5513 (subd [a]). (See *O'Brien v City of New York,* 6 AD2d 63, cited with approval in *Farragher v City of New York,* 19 NY2d 831, rearg den 19 NY2d 1014, decided on merits 21 NY2d 756; *Dobess Realty Corp. v City of New York,* 79 AD2d 348, 352, app dsmd 53 NY2d 1054 and 54 NY2d 754.) (Cf. *Nagin v Long Is. Sav. Bank,* 94 AD2d 710.) Mollen, P. J., Titone, Mangano and Weinstein, JJ., concur.