■ JOSEPH P. WILLIAMS, Respondent, v WILLIAM FORBES, Appellant and Third-Party Plaintiff-Appellant, et al., Defendants. DAVID ROWE et al., Third-Party Defendants-Respondents.—Motion by the plaintiff-respondent Joseph Patrick Williams to dismiss the appeal by the defendant and third-party plaintiff-appellant William Forbes from an order of the Supreme Court, Nassau County (Morrison, J.), dated July 12, 1989, on the ground that the appeal was not timely taken.

Ordered that the motion is denied.

On December 18, 1984, the plaintiff-respondent Joseph Patrick Williams was injured in a fall from a ladder while working at the premises of the defendants Merv and Ann Armbruster located in Long Beach. He commenced an action against, among others, the Armbrusters and William Forbes, who was alleged to be the general contractor on a project to build an extension on the Armbrusters' premises. Forbes impleaded the third-party defendants, David Rowe and D. Rowe Home Improvements, Williams's employers at the time of the accident. Williams had received workers' compensation benefits under a policy maintained by the third-party defendant Rowe.

Forbes moved to amend his answer to assert the Workers' Compensation Law as an affirmative defense on the theory that the third-party defendants had entered into a joint venture/partnership arrangement with him and they acted together on the Armbruster project as a joint entity. He also moved for summary judgment dismissing the complaint on the ground of the workers' compensation defense. The Armbrus-

ters cross-moved for summary judgment dismissing the complaint as against them. The court granted Forbes's motion to the extent of permitting him to amend his answer to assert the affirmative defense of the Workers' Compensation Law but denied that branch of his motion which was for summary judgment. The court also granted the Armbrusters' cross motion for summary judgment dismissing the complaint as asserted against them. Forbes appeals from so much of the order as denied him summary judgment.

Williams now moves to dismiss Forbes's appeal on the ground that the appeal was not timely taken. It is not disputed that the attorneys for the Armbrusters filed and served upon all parties a copy of the order appealed from with notice of entry on July 20, 1989. CPLR 5513 (a) limits the time to appeal by requiring that an appeal as of right "be taken within thirty days after service upon the appellant of a copy of the judgment or order appealed from and written notice of its entry". Thus, the notice of appeal Forbes filed on or about September 15, 1989 would be untimely if his time to appeal commenced running from the date the order appealed from was served upon him by the Armbrusters' attorneys, i.e., July 20, 1989. Forbes argues that the 30-day limitation period did not commence running until the plaintiff served him with a copy of the order with notice of entry. His notice of appeal was filed before that act occurred. He maintains that service of the order appealed from with notice of entry by a party other than the party seeking to limit the time to appeal will not suffice to start the 30-day limitation period running.

Although CPLR 5513 does not explicitly designate the person who must serve the order or judgment being appealed from for purposes of commencing the 30-day limitation period running, the long-standing rule is that the party seeking to limit the time of another to take an appeal must strictly conform to the rules of practice (see, *Kelly v Sheehan,* 76 NY 325; *Masters, Inc. v White House Discounts,* 119 AD2d 639; *Nagin v Long Is. Sav. Bank,* 94 AD2d 710). In this regard, CPLR 5513 has been construed to require service upon an appellant of a judgment or order by the prevailing party in order to start the running of the limitations period (see, *Farragher v City of New York,* 19 NY2d 831, *rearg denied* 19 NY2d 1014; *Maddox v City of New York,* 104 AD2d 430; *Dobess Realty Corp. v City of New York,* 79 AD2d 348, 352; *O'Brien v City of New York,* 6 AD2d 63). Since Williams never served a copy of the order with notice of entry upon Forbes prior to Forbes filing his notice of appeal, we find Forbes's

appeal to be timely. Service of the order upon Forbes by the Armbrusters was not effective to commence the running of the time within which to take an appeal (see, Maddox v City of New York, supra). Thompson, J. P., Lawrence, Eiber and Sullivan, JJ., concur.