OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiff’s motion to amend the caption and pleadings in this action and for an order of reference in this mortgage foreclosure action is granted.
The defendants Joseph Hemingway McNamara, Johemamara, Inc. and Barbara Scesney previously moved by order to show cause to vacate their default. On February 2, 1990, this *1042 court issued its decision and order conditionally vacating the default on condition that the moving defendants therein "generally appear in the action and post a bond in the amount of $100,000 * * * within 10 days after service of a copy of this order with notice of entry.” It is undisputed that plaintiffs attorney served a photocopy of the "gray sheet” order with the County Clerk "Filed” stamp thereon which indicated the fact that the order was entered, the filing or "entry” date— February 2, 1990 and the place the order was entered— County Clerk’s Office, New York. Together with the photocopy of the order was a letter from plaintiffs counsel stating "Enclosed is a filed order of Honorable Edward J. Greenfield with respect to the above matter.”
The defaulting defendants have failed either to appear in the action or post the bond directed in this court’s February 2, 1990 decision and order. In opposition to this motion they allege that their time to do so had not expired, since plaintiff has failed to serve the order with an effective "notice of entry.” But it was defendants’ motion, and they were obliged to follow it up and serve the order with notice of entry or the default would not be vacated. (McCormick v Mars Assocs., 25 AD2d 433.)
While the term "notice of entry” is used regularly in the decisions of this court and in various statutes (see, for example, CPLR 5513), the precise form that such a notice must take remains undefined within the CPLR. It is clear, however, that the notice must state when and where the judgment or order was entered. (Nagin v Long Is. Sav. Bank, 94 AD2d 710; Cremona & Co. v Dell, 6 AD2d 719, appeal dismissed 5 NY2d 708, 843.)
Traditionally, attorneys have filled in the notice of entry forms contained on legal backs or drafted separate pages entitled "Notice of Entry” which are then placed at the head of the order or judgment being served and which contain the required information concerning the order or judgment being served. This practice most likely dates back to the time prior to photocopy machines. The advent of photocopying now permits service of a photocopy of the order actually entered, with the County Clerk’s filed stamp clearly visible indicating the date and place of filing. Since the photocopy of the filed stamp *1043 conveys the required information as to the entry of the document being served, this suffices as notice of entry. Nothing is added by a separately typed paper.
Accordingly, defendants having failed to timely comply with the order, plaintiffs motion is granted.