■ ROCHA TROUSSIER Y ASOCIADOS, S.C., Respondent, v RODRIGO R. RIVERO et al., Appellants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered August 2, 1991, which granted defendants' motion for reargument of a prior motion for an order dismissing the complaint as against two individual decedent defendants pursuant to CPLR 1015 and 1021 and a cross-motion directing defendants to identify the decedents' personal representatives for the purpose of substituting as parties, and, upon reargument, adhered to the original decision denying the motion and granting the cross-motion, unanimously affirmed, with costs.

Appeals from the order of the same court and Justice entered April 3, 1991, which denied the above-mentioned motion and granted the above-mentioned cross-motion, and from an order of the same court and Justice entered April 8, 1991, which amended the order of April 3, 1991 so as to direct defendants to produce both the names and the addresses of the decedents' personal representatives, are dismissed as superseded by the appeal from the order entered August 2, 1991, without costs.

After two of the individual defendants in this action died, the matter proceeded to trial on a framed issue of the plaintiff corporation's standing to bring a shareholder derivative action, of which defense counsel noted an appearance on behalf of the decedent defendants, specifically asserting in connection with one of the decedent's deposition transcripts, that the decedent was his client. Ordinarily, where a party is deceased and no proper substitution is made, any further participation by counsel is without authority, and any subsequent determination of the court is a nullity *(Bossert v Ford Motor Co.,* 140 AD2d 480, 481). Nevertheless, a motion for substitution should

be granted in the absence of prejudice *(Carel Almo Serv. v Weisskopf,* 58 AD2d 550, 551), and prejudice will ordinarily not be found given an identity of interest between the decedent and the remaining parties *(see, Nieves v 331 E. 109th St. Corp.,* 112 AD2d 59). Here, the IAS court determined such an identity of interest to exist between the two decedents and remaining parties vis-à-vis the question of whether or not plaintiff has standing to bring a shareholder derivative action, the only issue that has been determined on the merits to date in this litigation. Thus, the IAS court did not improperly exercise its discretion in directing substitution *(see, Criaris v Weber,* 158 AD2d 502). Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Smith, JJ.