■ LEO BLANK, Individually and as Shareholder of PREMIUM GAS SERVICE, INC., et al., Appellants, v JAY SCHAFRANN

et al., Respondents, et al., Defendant. (Action No. 1.) MILDRED BLANK, as Personal Representative of LEO BLANK, Deceased, Appellant, v ROBERT BLANK et al., Respondents. (Action No. 2.) MILDRED BLANK, as Personal Representative of LEO BLANK, Deceased, Appellant, v ROBERT BLANK et al., Respondents. (Action No. 3.) [615 NYS2d 107] —Weiss, J. Appeals (1) from two orders and a resettled order of the Supreme Court (Torraca, J.), entered April 21, 1993 and May 5, 1993 in Sullivan County, which denied plaintiffs' motions in action Nos. 1 and 2 to vacate default judgments, (2) from an order of said court, entered April 21, 1993 in Sullivan County, which granted defendants' motion in action No. 3 to dismiss the complaint, and (3) from an order of said court, entered August 26, 1993 in Sullivan County, which denied plaintiffs' motions in action Nos. 1, 2 and 3 for reconsideration.

The background underlying the disputes here is underscored in the tortuous history of litigation between these parties (see, Blank v Schafrann, 180 AD2d 886; Blank v Schafrann, 167 AD2d 745; Blank v Schafrann, 129 AD2d 830, revd on dissenting mem below 70 NY2d 887; Matter of Blank v Premium Gas Serv., 59 AD2d 970). Essentially, the lawsuits center on claims by plaintiff Leo Blank (hereinafter decedent) that his brother, defendant Robert Blank, misused assets of corporations in which both held stock for, inter alia, payment by Robert Blank of his personal expenses to the various professionals made defendants in the actions. On February 28, 1992 decedent died at his Florida residence and, in April of that year, his widow, plaintiff Mildred Blank (hereinafter plaintiff), was duly appointed as his personal representative by a Florida court.

By notices of motion dated June 26, 1992, defendants in action Nos. 1 and 2 moved to dismiss for failure to formally substitute decedent's personal representative as plaintiff. Plaintiff's attorney chose not to oppose the motions, but instead immediately circulated stipulations of substitution to the various attorneys. Because of the animosity generated, voluntary execution by all parties was never effectuated and, instead, orders of dismissal based upon plaintiff's default were submitted to Supreme Court without notice to plaintiff's counsel, decedent's heirs or to the estate. Plaintiff thereafter moved orally on November 18, 1992 to vacate the defaults contending, inter alia, that because the notice requirements of CPLR 1021 had not been complied with, the court lacked

jurisdiction to dismiss the actions. In the meantime, on December 3, 1992, plaintiff commenced action No. 3 seeking continued damages to decedent's ownership interest in the corporations. Defendants moved to dismiss action No. 3 on res judicata grounds based upon the prior dismissals. Supreme Court denied plaintiff's motions and her subsequent motions for reargument, and instead granted the several defendants' motions dismissing action No. 3. These appeals ensued.

Initially, we address the several challenges to the timeliness of these appeals. On May 6, 1993 defendant Jay Schafrann made service by mail of the notice of entry of the resettled order together with a copy of that order which denied vacatur of the dismissal in action No. 1 taken upon plaintiff's default. On June 11, 1993 plaintiff served her notices of appeals. Since June 11, 1993 was 36 days after service of the order with notice of entry and beyond the 30 days allowed (see, CPLR 5513 [a]), including five days for mailing (see, CPLR 2103 [b] [2]), plaintiff's appeal is untimely as to Schafrann in action No. 1. Nevertheless, with respect to the other defendants, plaintiff's appeals are timely since CPLR 5513 is construed to require each prevailing party to separately serve an order with notice of entry to commence the running of time within which the appeal limitations period becomes effective for each (see, *Williams v Forbes*, 157 AD2d 837, 838; *Maddox v City of New York*, 104 AD2d 430, 431; *Dobess Realty Corp. v City of New York*, 79 AD2d 348, 352, *appeal dismissed* 53 NY2d 1054, 54 NY2d 754; *O'Brien v City of New York*, 6 AD2d 63, 65; *see also, Farragher v City of New York*, 19 NY2d 831, 832; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5513.04).

The June 26, 1992 notices of motion to dismiss for failure to substitute decedent's representative were concededly served by mail upon counsel for decedent. However, the authority of counsel to act on behalf of decedent had terminated upon his death (see, *Weber v Bellinger*, 124 AD2d 1009). CPLR 1021 requires that upon the death of a party and absent timely substitution, the court, before proceeding further, shall, by order to show cause, direct persons interested in decedent's estate to demonstrate why the action should not be dismissed. Defendants failed to comply with CPLR 1021 and, accordingly, the resultant orders obtained were nullities (see, *Rocha Toussier Asociados v Rivero*, 184 AD2d 398; *Bossert v Ford Motor Co.*, 140 AD2d 480, 481). Presented with defendants' noncompliance with the statute, Supreme Court should have granted plaintiff's motions to vacate the orders of dismissal in action

Nos. 1 and 2 as a matter of law, and permitted substitution in action No. 1.*

The second aspect of these appeals is addressed to the order dismissing action No. 3 granted on res judicata grounds following the dismissal of action Nos. 1 and 2. Initially, it is observed that dismissal for failure to substitute within a reasonable time "shall not be on the merits unless the court shall so indicate" (CPLR 1021). The requisite language being absent (see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1021:08), those orders were fatally deficient and could not have res judicata effect. Additionally, since the dismissal orders must be reversed as nullities, in no event could they have res judicata effect upon action No. 3.

We find the remaining issues to be academic.

Mercure, J. P., White and Peters, JJ., concur.

Casey, J. (concurring in part and dissenting in part). The judicially created rule that each prevailing party must separately serve an order with notice of entry to commence the running of the time within which an appeal must be taken exalts form over substance, particularly where, as here, each defendant obtained identical relief in the order. CPLR 5513 (a) requires only that an appeal as of right be taken within 30 days after "service upon the appellant of a copy of the judgment or order appealed from and written notice of its entry". The statute neither prescribes who must make the service nor requires the service of multiple copies when there are multiple prevailing parties. Plaintiff concededly received a copy of Supreme Court's order in action No. 1 more than 30 days before taking the appeal. In any event, the active participation in the litigation by decedent's representative through the efforts of plaintiff's attorney to effect a substitution by means of a proposed stipulation sent to the other parties constitute special circumstances, resulting in a waiver of the CPLR 1021 jurisdictional issue (cf., Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy., 112 AD2d 819, 820). Accordingly, the orders denying plaintiff's motions to vacate the default judgments in action Nos. 1 and 2 should be affirmed. Ordered that the order and resettled order in action No. 1, entered April 21, 1993 and May 5, 1993, are modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion as to all defendants except Jay Schafrann; motion granted as to all defendants except Jay Schafrann,

---

* Substitution was granted in action No. 2 after it had already been dismissed.

default judgment on behalf of said defendants is vacated and decedent's representative is substituted as plaintiff; and, as so modified, affirmed. Ordered that the order in action No. 2, entered April 21, 1993, is reversed, on the law, without costs, and plaintiff's motion to vacate the default judgment granted. Ordered that the order in action No. 3, entered April 21, 1993, is reversed, on the law, without costs, and motion denied. Ordered that the appeal from the order entered August 26, 1993 is dismissed, as academic, without costs.