■ In the Matter of ROBERTA MANCINI, Respondent, v JAMES MORMILE, Appellant. [645 NYS2d 837] —Motion by the respondent to dismiss an appeal from an order of the Family Court, Suffolk County (Freundlich, J.), dated June 30, 1995, *inter alia*, for failure to timely file a notice of appeal therefrom, and cross motion by the appellant for an extension of time to serve the notice of appeal on the Suffolk County Attorney.

Upon the papers filed in support of the motion and cross motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied; and it is further,

Ordered that the cross motion is granted, and the appellant is granted leave to serve a copy of the notice of appeal upon the Suffolk County Attorney within 30 days of the date of this decision and order on motion.

Family Court Act § 1113 provides that an appeal under that article "must be taken no later than thirty days after the service upon the appellant of any order from which the appeal is taken" (as amended by L 1991, ch 582, § 2). Although the statute does not so state, the long-standing rule applied with respect to Family Court Act § 1113 and other similarly-worded statutes is that in order to start the limitation period running, service of the order from which the appeal is taken must be made *by the prevailing party (see, Matter of Erie County Dept. of Social Servs. [Holmes] v Abdallah*, 185 AD2d 719; *Hamlin v Kirnan*, 181 AD2d 1077; *see also, People v Washington*, 86 NY2d 853 [CPL 460.10]; *Blank v Schafrann*, 206 AD2d 771 [CPLR 5513 (a)]; *Williams v Forbes*, 157 AD2d 837 [CPLR 5513 (a)]; *Dobess Realty Corp. v City of New York*, 79 AD2d 348 [CPLR 5513 (a)]). Because the petitioner has failed to prove the date that she served the appellant with a copy of the order appealed from, her motion to dismiss the appeal on the ground that it was not timely taken must be denied.

We note that the practice of the Suffolk County Family Court and other Family Courts within this Department is to mail a copy of its orders to both of the parties. Given that, and that a large number of the litigants which appear before those courts do so without the representation of counsel, we suggest that the Legislature examine Family Court Act § 1113, with an eye toward permitting service by the court to commence the running of the limitation period contained therein.

With respect to the cross motion, the failure to serve the County Attorney with a copy of the notice of appeal, as required under Family Court Act § 1115 (a), is a technical defect which may be cured by the appellant with leave of this Court (*see, Matter of Freihofer v Freihofer,* 104 AD2d 92, 94; *Matter of Rodes v Rodes,* 19 AD2d 791; Family Ct Act § 1118; CPLR 5520 [a]). Such leave is hereby granted. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.