ORDER
SCHALL, Circuit Judge.
Toshiba International Corporation moves to dismiss Halmar Robicon Group, Inc’s appeal as untimely. Robicon opposes. Toshiba replies.
Robicon sued Toshiba for infringement of its patent for a “medium voltage PWM drive and method.” Toshiba filed a declaratory judgment action seeking a declaration that Robicon’s patent was invalid, unenforceable, and not infringed by Toshiba’s product. On February 25, 2004, the United States District Court for the Western District of Pennsylvania entered final judgment of noninfringement on Toshiba’s behalf and in favor of Toshiba “on all remaining claims.” On March 1, 2004, Robicon filed for bankruptcy and, as a result, all judicial actions against it were stayed pursuant to 11 U.S.C. § 362(a). Both parties filed motions after the automatic stay was in effect. However, Robicon did not file a postjudgment motion relating to the judgment of noninfringement. Eventually, Robicon filed its notice of appeal on September 15, 2004.*
Toshiba asserts that Robicon’s appeal is untimely. Toshiba maintains that the infringement claims brought by Robicon were resolved by the court’s February 25, 2004 final judgment and the time to file a notice of appeal from that judgment expired 60 days after the date Robicon filed for bankruptcy pursuant to 11 U.S.C. § 108(b) (extending the time to file a notice of appeal by 60 days from the date of filing for bankruptcy protection where time to file notice of appeal has not yet run), i.e., April 30, 2004. We agree.
The bankruptcy stay provision, 11 U.S.C. § 362(a), provides that judicial actions against the debtor are stayed. However, there is no such proviso for actions brought by the debtor (such as the infringement action here) and, under the principle of “disaggregation,” claims by the debtor may proceed on appeal. See Seiko Epson Corp. v. Nu-Kote International, Inc., 190 F.3d 1360, 1364 (Fed.Cir.1999) (“The rule also permits claims by the debt- or and counterclaims to proceed.”). In Seiko Epson, we cited Maritime Elect. Co. v. United Jersey Bank, 959 F.2d 1194, 1205 (3rd Cir.1992), for the proposition that “within one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue.” The Third circuit elaborated:
*503 All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.
Maritime, 959 F.2d at 1204-05. Stated another way, a stay only operates as against actions in which the bankruptcy petitioner is in a defensive posture. Id. at 1204 (citing Boone v. Beacon Bldg. Corp., 613 F.Supp. 1151,1155 (D.N.J.1985)).
In this case, a final judgment was entered on the infringement claim brought by Robicon against Toshiba on February 25, 2004. The subsequent motions to alter and amend the judgment related only to Toshiba’s declaratory judgment claims against Robicon, which were the only portion of the case subject to the automatic bankruptcy stay. We find no law, nor has any been presented, that suggests that the time to file the notice of appeal from final judgment on that part of the case brought by the debtor is tolled in these circumstances. Thus, Robicon’s appeal of the judgment of noninfringement, filed nearly seven months after the entry of final judgment and the filing of the bankruptcy petition, is untimely and must be dismissed.
Accordingly,
(1) The motion to dismiss is granted.
(2) Each side shall bear its own costs.

 This notice amended its first notice of appeal, which was filed on September 8, 2004.