■ DRENA MILESKI, Individually and as Administratrix of the Estate of RONALD P. MILESKI, Deceased, Respondent, v MSC INDUSTRIAL DIRECT CO., INC., et al., Respondents, and BURNS REAL ESTATE, LLC, et al., Appellants. (And a Third-Party Action.) [30 NYS3d 159]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants Burns Real Estate, LLC, Nijon Tool Co., Inc., Island Machine Supply Corp., and John Raymond Burns appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated January 22, 2013, as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add them as additional defendants, (2) from an order of the same court entered March 25, 2013, and (3), as limited by their brief, from so much of an order of the same court dated March 27, 2014, as denied those branches of their motion which were to vacate the order dated January 22, 2013, and the order entered March 25, 2013, and for leave to renew their opposition to that branch of the plaintiff's prior motion which was for leave to amend the complaint to add them as additional defendants.

Motion by the plaintiff, inter alia, to dismiss the appeals from the order dated January 22, 2013, and the order entered March 25, 2013, as untimely taken, and to dismiss the appeal from the order dated March 27, 2014, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated September 18, 2014, as amended by a decision and order on motion dated January 11, 2016, those branches of the motion which are to dismiss the

appeals from the order dated January 22, 2013, the order entered March 25, 2013, and the order dated March 27, 2014, were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeal from the order entered March 25, 2013, as untimely taken, is granted; and it is further,

Ordered that the appeal from the order entered March 25, 2013, is dismissed; and it is further,

Ordered that the branches of the motion which are to dismiss the appeals from the orders dated January 22, 2013, and March 27, 2014, are denied; and it is further,

Ordered that the order dated January 22, 2013, is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for leave to amend the complaint to add the appellants as additional defendants is denied, and so much of the order entered March 25, 2013, as granted that branch of the motion is vacated; and it is further,

Ordered that the appeal from the order dated March 27, 2014, is dismissed as academic in light of our determination on the appeal from the order dated January 22, 2013; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In July 2007, the plaintiff's husband (hereinafter the decedent) allegedly sustained injuries while operating a lathe machine during the course of his employment with Deer Park Hydraulics & Packing Co. (hereinafter Deer Park), and died from those injuries in September 2007. In March 2009, the plaintiff commenced this wrongful death action against MSC Industrial Direct Co., Inc. (hereinafter MSC), the alleged manufacturer, designer, seller, and distributor of the lathe machine the decedent was operating when he was injured. In May 2010, MSC commenced a third-party action against, among others, Deer Park for contribution and indemnification.

During discovery, Deer Park produced John Raymond Burns, its president and one of its two shareholders, for a deposition. Burns testified that three other corporations owned solely by him—Burns Real Estate, LLC, Nijon Tool Co., Inc., and Island Machine Supply Corp.—operated in the same location as Deer Park and had access to the subject lathe machine. Based on

Burns's deposition testimony, in December 2011, the plaintiff moved, inter alia, for leave to amend the complaint to add Burns and the three other corporations (hereinafter collectively the appellants) as defendants. In an order dated January 22, 2013, the Supreme Court granted that branch of the plaintiff's motion, concluding that the plaintiff established the applicability of the relation-back doctrine to the untimely proposed claims against the appellants. The appellants appeal from that order and subsequent orders entered March 25, 2013, and dated March 27, 2014.

"An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry" (CPLR 5513 [a]). "The time period for filing a notice of appeal is nonwaivable and jurisdictional" (*Jones Sledzik Garneau & Nardone, LLP v Schloss*, 37 AD3d 417, 417 [2007]; *see Clark v Pfizer, Inc.*, 64 AD3d 536, 537 [2009]; *Matter of Wei v New York State Dept. of Motor Vehs.*, 56 AD3d 484, 485 [2008]). To trigger the 30-day period for filing a notice of appeal, "the requirements of CPLR 5513 (a) must be strictly followed" (*Matter of Reynolds v Dustman*, 1 NY3d 559, 560 [2003]). Here, the plaintiff established that the appellants were served with a copy of the order entered March 25, 2013, and written notice of its entry in April 2013. The appellants did not file a notice of appeal until September 18, 2013, more than five months after they were served with the order and notice of its entry. Accordingly, we grant that branch of the plaintiff's motion which is to dismiss the appeal from the order entered March 25, 2013, as untimely taken, and dismiss the appeal from that order.

However, while the plaintiff also established that the appellants were served in April 2013 with a copy of the order dated January 22, 2013, she failed to establish that the appellants were served with written notice of its entry. Thus, the 30-day period for filing a notice of appeal from the order dated January 22, 2013, was not triggered in April 2013, and the appeal from that order is timely.

The relation-back doctrine "allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest' " (*Buran v Coupal*, 87 NY2d 173, 177 [1995], quoting CPLR 203 [b]). In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new

defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well (*see Buran v Coupal*, 87 NY2d at 178; *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]).

Parties are united in interest if their interest " 'in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other' " (*Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d at 226, quoting *Prudential Ins. Co. v Stone*, 270 NY 154, 159 [1936]). "Defendants are not united in interest if there is a possibility that the new party could have a different defense than the original party" (*Montalvo v Madjek, Inc.*, 131 AD3d 678, 680 [2015]). "In a negligence action, 'the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other' " (*Xavier v RY Mgt. Co., Inc.*, 45 AD3d 677, 679 [2007], quoting *Connell v Hayden*, 83 AD2d 30, 45 [1981]; *see LeBlanc v Skinner*, 103 AD3d 202, 210 [2012]). "The fact that two defendants may share resources such as office space and employees is not dispositive. They must also share exactly the same jural relationship in the subject action" (*Xavier v RY Mgt. Co., Inc.*, 45 AD3d at 679 [citations omitted]).

Here, the plaintiff cannot rely on the relation-back doctrine to save her untimely claims against the appellants. Even if the appellants are united in interest with Deer Park, the decedent's employer, and can be held vicariously liable for Deer Park's acts, then the immunity from the plaintiff's claims afforded to Deer Park by the Workers' Compensation Law is extended to them (*see Batts v IBEX Constr., LLC*, 112 AD3d 765, 766 [2013]). Sharing the exact same jural relationship with Deer Park would render the appellants immune from the plaintiff's claims. Thus, the relation-back doctrine cannot be applied to the claims against the appellants, and those claims are time-barred. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for leave to amend the complaint to add the appellants as additional defendants.

The appellants' contentions regarding the order dated March 27, 2014, have been rendered academic in light of our determi-

nation on the appeal from the order dated January 22, 2013. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur. ■