Hart v New York City Hous. Auth. (2018 NY Slip Op 03123)





Hart v New York City Hous. Auth.


2018 NY Slip Op 03123


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-08603
 (Index No. 3061/16)

[*1]Vincenia Hart, respondent, 
v
New York City Housing Authority, appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for appellant.
Hirsch Law Firm, P.C., Cedarhurst, NY (Debra Hirsch and Jeffrey Hirsch of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated June 23, 2016. The order granted the plaintiff's motion pursuant to CPLR 325(b) to remove the action from the Civil Court, Kings County, to the Supreme Court, Kings County.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
On June 6, 2012, the plaintiff allegedly was injured when she was struck by the door of an elevator in the defendant's building. On August 26, 2013, the plaintiff commenced this action in the Civil Court, Kings County, against the defendant to recover damages in the sum of $25,000 for personal injuries. According to the plaintiff's bill of particulars dated November 19, 2014, the plaintiff sustained injuries to the lumbar and cervical regions of her spine and to her wrist. The plaintiff thereafter moved pursuant to CPLR 325(b) to remove the action to the Supreme Court, Kings County. In the order appealed from dated June 23, 2016, the Supreme Court granted the motion. It is undisputed that a written notice of entry of the order entered June 24, 2016, was never served on the defendant. The defendant appeals.
Since the defendant was not served with a proper notice of entry, the defendant's time to appeal never commenced running, and its notice of appeal was therefore timely filed (see CPLR 5513[a]; Matter of Oliver v City of New York, 76 AD3d 1017, 1018; Nagin v Long Is. Sav. Bank, 94 AD2d 710).
A motion to remove an action from the Civil Court to the Supreme Court pursuant to CPLR 325(b) must be accompanied by a request for leave to amend the ad damnum clause of the complaint pursuant to CPLR 3025(b) (see Martin v Waldbaum's Supermarket, 172 AD2d 804). Here, the amount stated in the ad damnum clause was within the jurisdictional limits of the Civil Court, and no request for leave to amend the ad damnum clause was made. In the absence of an application to increase the ad damnum clause, the plaintiff's motion to remove the action to the Supreme Court should have been denied (see id.; Francilion v Epstein, 144 AD2d 633, 633-634). [*2]Accordingly, we remit the matter to the Supreme Court, Kings County, to restore the matter to the Civil Court, Kings County.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court