W. Rogowski Farm, LLC v County of Orange (2019 NY Slip Op 01815)





W. Rogowski Farm, LLC v County of Orange


2019 NY Slip Op 01815


Decided on March 13, 2019


Appellate Division, Second Department


Dillon, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-02780
 (Index No. 6241/14)

[*1]W. Rogowski Farm, LLC, et al., appellants,
v
County of Orange, et al., respondents. APPEAL by the plaintiffs, in an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, from an order of the Supreme Court (Elaine Slobod, J.), dated June 4, 2015, and entered in Orange County. The order, inter alia, denied the plaintiffs' motion for summary judgment on the complaint.



MOTION by the defendant County of Orange, in effect, pursuant to CPLR 5513(a), to dismiss the appeal on the ground that the appeal was untimely taken. By decision and order on motion of this Court dated June 1, 2017, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.



Fabricant Lipman & Frishberg, PLLC, Goshen, NY (Neal D. Frishberg of counsel), for appellants.
Langdon C. Chapman, County Attorney, Goshen, NY (Matthew J. Nothnagle of counsel), for respondent County of Orange.
Gary S. Goldstein, Chester, NY, for respondent William F. Castillo.
The Ahearne Law Firm, PLLC, Warwick, NY (Allan J. Ahearne, Jr., of counsel), for respondent Scott Wintrow.



DILLON, J.


OPINION & ORDER
This appeal provides our Court with an occasion to clarify the meaning of CPLR 5513(a). The 1996 amendment to CPLR 5513(a), effective January 1, 1997, requires that an order or judgment be served "by a party" with written notice of entry in order to commence the time to undertake an appeal (L 1996, ch 214, § 1). For reasons set forth below, we hold that service of the order or judgment with written notice of entry by any party upon the other parties to the action operates to commence the 30-day time to appeal with respect to not only the serving party, but all the parties in the action.
I. Facts
The plaintiffs, W. Rogowski Farm, LLC, and CLS Enterprises, LLC, owned several parcels of real property (hereinafter the parcels) within the defendant County of Orange. The plaintiffs failed to pay their real property taxes on the parcels. As a result, the County commenced a tax foreclosure proceeding in the Supreme Court, Orange County, by filing a petition and notice of foreclosure dated July 24, 2012. On October 17, 2012, the petition and notice of foreclosure were served upon the plaintiffs pursuant to RPTL 1125(1)(b) by certified and regular mail. The plaintiffs failed to answer or appear. By "notice of application for judgment" dated August 28, 2013, the County moved for leave to enter a judgment of foreclosure and sale on default. In a decision dated [*2]October 31, 2013, the court (Paul I. Marx, J.) held that the County had complied with all applicable requirements of the Real Property Tax Law. In a separate judgment of the same date, the court, inter alia, awarded the County possession of the parcels, and directed the execution and recording of a tax foreclosure deed to the County in fee simple absolute. The County thereafter sold the parcels to the defendants Andrew & Juhee, Inc., William F. Castillo, Scott Wintrow, and Michael A. Fuentes, Sr. (hereinafter collectively the new owners).
On August 11, 2014, the plaintiffs commenced this action in the Supreme Court, Orange County, against the County and the new owners by the filing of a summons and verified complaint. The plaintiffs alleged that the County's judgment and subsequent sales of the parcels were null and void, as the underlying tax foreclosure proceeding had been improperly commenced by the service and then the filing of the pleadings, rather than by filing and then service, and that the mechanics and location of service were otherwise defective. The plaintiffs sought a judgment recognizing the plaintiffs as the unencumbered owners of their respective parcels in fee simple absolute. The County and the new owners answered the complaint and asserted various affirmative defenses and counterclaims.
By notice of motion dated March 11, 2015, the plaintiffs moved for summary judgment on the complaint. By notice of cross motion dated April 21, 2015, the County cross-moved to dismiss the complaint insofar as asserted against it arguing, inter alia, that the filing and service of the pleadings in the prior tax foreclosure proceeding were performed in a proper sequence on October 17, 2012. Wintrow separately cross-moved to dismiss the complaint insofar as asserted against him, among other things, on the ground that the action was time-barred (see RPTL 1131). In the order appealed from dated June 4, 2015, the Supreme Court denied the plaintiffs' motion for summary judgment and granted the cross motions. The court found that by the time the plaintiffs received notice of the tax foreclosure petition, it had been filed, and that the plaintiffs, by virtue of their default, had waived a challenge to any other defects.
On June 17, 2015, the County served the order with a notice of entry on all of the parties, as evidenced by an affidavit of service executed that same date. On June 23, 2015, two of the new owners, Castillo and Fuentes, served the order with a notice of entry on all of the parties, as evidenced by an affidavit of service executed that same date. New owner Wintrow purportedly served a copy of the order with a notice of entry dated June 8, 2015, but no affidavit reflecting such service is contained in any papers before this Court.
The plaintiffs filed a notice of appeal dated February 25, 2016, and thereafter perfected their appeal by the filing of a record and appellate brief. While the plaintiffs were ordinarily required to file their notice of appeal within 30 days from service upon them of the order with written notice of entry (see CPLR 5513[a]), they had filed bankruptcy petitions on June 23, 2015, which, they contend, stayed their time to appeal until the dismissal of those bankruptcy petitions on February 17, 2016. The plaintiffs maintain that their notice of appeal was, therefore, timely filed.
Three sets of issues are raised for this Court to now consider. First, on April 13, 2017, the County moved, after full submission of this appeal, to dismiss the appeal on the ground that the plaintiffs' bankruptcy filing did not operate to stay the time within which they were required to file a notice of appeal. On this basis, the County argues that the appeal must be dismissed as untimely. The plaintiffs opposed the motion. By decision and order on motion dated June 1, 2017, this Court directed that the motion be held in abeyance and determined by the panel of Justices hearing the appeal for determination of the argument or submission thereof.
The second issue before us, which is more subtle but deserving of attention for reasons that shall become apparent, is whether the plaintiffs' time to file their notice of appeal runs separately from each individual defendant's service of the order with written notice of entry or, alternatively, whether their time to appeal runs from the first such proper service of the order by any party with written notice of entry. Here, the notice of entry documents provided for Wintrow do not include an affidavit of service from which we can conclude that notice of entry was properly effected. The plaintiffs' time to appeal the order as against Wintrow has arguably not begun to run at all, unless it is bootstrapped by the notice of entry served by the County on June 17, 2015, prior to the implementation of any bankruptcy stay, or by other new owners who served a written notice of entry on June 23, 2015, if unaffected by the bankruptcy filing.
The third set of issues raised by this appeal, if reached, involve the merits of the order appealed from. The plaintiffs argue, inter alia, that the certified and regular mail service of the [*3]petition and notice of foreclosure, permissible in the underlying proceeding under RPTL 1125(1)(b), but prior to the filing of the pleadings, rendered the service jurisdictionally defective, even if the filing had occurred by the time the petition and notice were actually received by the plaintiffs in the mail.
II. Bankruptcy Stay
The requirement that a party take an appeal within 30 days from service of an order or judgment with notice of entry is nonwaivable and jurisdictional in nature (see Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797, 799; Matter of Wei v New York State Dept. of Motor Vehs., 56 AD3d 484, 485; Matter of Xander Corp. v Haberman, 41 AD3d 489, 490; Jones Sledzik Garneau & Nardone, LLP v Schloss, 37 AD3d 417; Matter of Ogborn v Hilts, 262 AD2d 857; Matter of Eagle Ins. Co. v Soto, 254 AD2d 483, 484). Though attorneys and judges are programmed to think of the appeal time as 30 days, the computation is actually 35 days when 5 days are added for mail service of the written notice of entry (see CPLR 2103[b][2]; Stancage v Stancage, 173 AD2d 1081; Siegel v Obes, 112 AD2d 930; Maddox v City of New York, 104 AD2d 430, 431).
Juxtaposed against the rigid time limit for the taking of an appeal is the automatic stay for bankruptcy set forth in 11 USC § 362(a). When triggered, the "stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor" (Maritime Elec. Co., Inc. v United Jersey Bank, 959 F2d 1194, 1206 [3d Cir]; see Boynton v Ball, 121 US 457, 466-467). As a result, any nonministerial actions taken against a debtor are void ab initio if they occur after the automatic stay has taken effect (see Kalb v Feuerstein, 308 US 433, 438-440; Carr v McGriff, 8 AD3d 420, 422; Rexnord Holdings, Inc. v Bidermann, 21 F3d 522, 528 [2d Cir]; In re 48th St. Steakhouse, Inc. v Rockefeller Group, Inc., 835 F2d 427, 431 [2d Cir]).
The automatic stay of 11 USC § 362(a) applies only to the commencement or continuation of nonbankruptcy federal or state actions against the debtor arising before the filing of the bankruptcy petition, including appeals (see Wells Fargo Bank, N.A. v Ranalli, 140 AD3d 1156, 1158; Education Resources Inst., Inc. v Concannon, 69 AD3d 539, 540; Levant v National Car Rental, Inc., 33 AD3d 367, 368; Emigrant Sav. Bank v Rappaport, 20 AD3d 502, 503; Homeside Lending, Inc. v Watts, 16 AD3d 551, 552; Howell v Brozzetti, 240 AD2d 794; Koolik v Markowitz, 40 F3d 567, 568 [2d Cir]; In Re Berry Estates, Inc., 812 F2d 67, 71 [2d Cir]; Teachers Ins. & Annuity Assn. of Am. v Butler, 803 F2d 61, 64 [2d Cir]). The automatic stay does not have the converse effect of prohibiting actions by the debtors (see Olick v Parker & Parsley Petroleum Co., 145 F3d 513, 516 [2d Cir]; Maritime Elec. Co., Inc. v United Jersey Bank, 959 F2d at 1204; 4Kids Entertainment, Inc. v Upper Deck Co., 797 F Supp 2d 236, 241 [SD NY]; In Re Bird, 229 BR 90, 94-95 [SD NY]). Thus, since the plaintiffs initiated the action in the Supreme Court and would not have been defending against their own appeal, they were not entitled under 11 USC § 362(a) to an automatic stay of the 30-day time period in which to take an appeal from the court's order.
The precedent that is factually closest to our conclusion is Bell v Alden Owners, Inc. (199 BR 451 [SD NY]). Bell involved a summary eviction proceeding between the plaintiff, who owned shares in a cooperative, and the defendant, who issued the plaintiff's proprietary lease. The defendant obtained a judgment and warrant of eviction against the plaintiff, which the plaintiff unsuccessfully appealed to the Appellate Term. The plaintiff filed a bankruptcy petition on the same day the warrant of eviction was being executed and completed, and the plaintiff moved in bankruptcy court to hold the defendant in contempt for violating the automatic stay of 11 USC § 362. The United States Bankruptcy Court, and the Southern District of New York on appeal, both held that since the proprietary lease had been terminated before the filing of the bankruptcy petition, the plaintiff had no interest in the premises that could be protected by a stay. The District Court specifically noted that the plaintiff, who had not undertaken any efforts to appeal to the Appellate
Division in the state action, was not eligible for a stay of the 30-day appeal deadline because, inter alia, there was no pending state court action or proceeding that could be stayed, and 11 USC § 362 did not toll the plaintiff's statutory appellate deadline (see Bell v Alden Owners, Inc., 199 BR at 458). Accordingly, if a plaintiff's time to appeal has not expired at the time a bankruptcy petition is filed, the automatic stay does not apply, and the plaintiff-debtor's failure to timely file a notice of appeal precludes relief from an appellate court.
Here, the plaintiffs' complaint had been dismissed, and there was nothing left for the plaintiffs to litigate other than an appeal and ministerial matters. As in Bell, the plaintiffs were not entitled to the automatic stay of 11 USC § 362(a). Since the County served the Supreme Court's order with notice of entry on June 17, 2015, the 30-day deadline for filing a notice of appeal, plus five days for the County's mail service, expired on Wednesday, July 22, 2015. The plaintiffs' notice of appeal, filed seven months later, is untimely and necessitates dismissal of the appeal against the [*4]County.
We are unpersuaded by the plaintiffs' argument that the assertion of certain counterclaims by the new owners, which places the plaintiffs in a defensive posture against those counterclaims, entitles them to the automatic stay (see Koolik v Markowitz, 40 F3d 567). While a counterclaim has the effect of recasting a plaintiff-debtor as a defendant subject to the automatic stay, the counterclaims here, except for one, were merely defensive in nature, and could equally have been pleaded as affirmative defenses (see Education Resources Inst., Inc. v Concannon, 69 AD3d at 540). Further, the counterclaim of Castillo and Fuentes for punitive damages for the plaintiffs' alleged "wrongful and malicious conduct" fails, by itself, under the bankruptcy doctrine of "disaggregation," to bring all proceedings under the purview of the automatic stay (Maritime Elec. Co., Inc. v United Jersey Bank, 959 F2d at 1204-1205; see In Re Abreu, 527 BR 570, 579 [ED NY]).
Finally, as to bankruptcy stay issues, the plaintiffs' appeal is not saved by the 60-day extension of 11 USC § 108(b), as any such extension fails to bridge the 7-month delay in filing the notice of appeal measured from either the expiration of the 30-day statutory period of CPLR 5513(a), or 60 days from the filing of the plaintiffs' bankruptcy petition (see Halmar Robicon Group, Inc. v Toshiba Intl. Corp., 127 Fed Appx 501, 502 [Fed Cir]).
III. The Interpretation of CPLR 5513(a)
Without the benefit of a bankruptcy stay, the plaintiffs' appeal is untimely measured against the County's service of the order with notice of entry on June 17, 2015, and service on June 23, 2015, by Castillo and Fuentes. As noted, the motion papers before us and the appealable record contain no affidavit of service for the notice of entry dated June 8, 2015, purportedly served by Wintrow (see Sandcham Realty Corp. v Taub, 299 AD2d 220, 221; Deshler v East W. Renovators, 259 AD2d 351, 352). Furthermore, there is no indication that the other new owner, Andre & Juhee, Inc., ever served the order with notice of entry.
CPLR 5513(a) provides that "[a]n appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry." When the appellant self-serves a copy of the order or judgment with notice of entry, the appeal must be taken within 30 days of such service (see CPLR 5513[a]), but without benefit of a 5-day extension for mailing. If a party serves a copy of an order or judgment without specifying that it has been entered, the notice is ineffective (see Bruzzese v Bruzzese, 152 AD3d 563, 564-565; Mileski v MSC Indus. Direct Co., Inc., 138 AD3d at 799). If the order or judgment is served with notice of entry upon some, but not all, of the parties to an action or proceeding, the time to appeal does not begin to run as to the party not served.
Prior to January 1, 1997, CPLR 5513(a) did not include a provision that service of an order or judgment with notice of entry "by a party" triggered the statute's 30-day time requirement. As such, prior to 1997, there was much confusion and inconsistency as to who was responsible for entering an order or judgment and providing notice of its entry. In some counties, judges filed the original papers with the county clerk and provided written notice of the entry so as to trigger the time to appeal. In other counties, judges filed the original papers and notified parties of their filing, but expressly directed that a further copy needed to be served in order to trigger the 30-day period. Elsewhere in the state, parties had to follow the clerk's files for orders and judgments, and unilaterally undertake the task of serving copies with notice of entry. Other judges returned original papers directly to the parties, who were responsible for both filing the orders or judgments and serving them with notice of entry (see Mem of the Unified Court System in Support, Bill Jacket, L 1996, ch 214). Prior to 1997, an appellant's time to appeal in a multiparty case ran from each adversary party's individualized service of the order or judgment with notice of entry (see Blank v Schafrann, 206 AD2d 771, 773; Williams v Forbes, 157 AD2d 837, 838; Maddox v City of New York, 104 AD2d at 431; Dobess Realty Corp. v City of New York, 79 AD2d 348, 351; O'Brien v City of New York, 6 AD2d 63, 64, cited with approval in Farragher v City of New York, 19 NY2d 831).
To resolve the geographical and administrative differences and to further a statewide uniformity of practice, the Office of Court Administration urged the state legislature in 1996 to clarify CPLR 5513, to provide that only "service" of the notice of entry "by a party" would trigger the time for an aggrieved party to take an appeal (see Legislation Report, Bill Jacket, L 1996, ch 214).
The amendment to CPLR 5513(a) expressly provides for the commencement of the time to appeal as running from service of the order or with written notice of entry by "a" party. In interpreting statutes, courts look first to the statutory text as the clearest indicator of legislative intent [*5](see Matter of Anonymous v Molik, 32 NY3d 30; Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712, 721; Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; Saul v Cahan, 153 AD3d 951, 952). Where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning (see State of New York v Patricia II, 6 NY3d 160, 162; Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208; Feinman v County of Nassau, 154 AD3d 739, 741; Hernandez Castillo v Prince Plaza, LLC, 142 AD3d 1127, 1129). With that all in mind, the language of CPLR 5513(a) as to who serves notice of entry is not limited to the "prevailing party," or to "the appealing party," or to "the party seeking to limit an adversary's appellate time." Rather, "a" party, which is unrestricted, necessarily refers to "any" party to an action. As a result, the service of an order or judgment with written notice of entry commences the 30-day time to appeal as to not only the party performing the service, but as to all other parties as well.
Here, the County's service on June 17, 2015, of the Supreme Court's order with written notice of entry commenced the plaintiffs' time to appeal the order as to all of the defendants, including those who served a notice of entry at a later date, and those who may have served no notice of entry at all. The plaintiffs' appeal must therefore be dismissed as untimely as to all of the defendants (see CPLR 5513[a]).
IV. Timeliness of the County's Motion to Dismiss
The plaintiffs argue that the County's motion to dismiss the complaint insofar as asserted against it is untimely, as the motion was not filed until after the parties' briefs had been fully submitted, and that the issue is otherwise waived.
The County's motion to dismiss is nevertheless entertained and granted on its merits. As previously noted, the time period for filing a notice of appeal is jurisdictional in nature and non-waivable.
V. The Merits of the Appeal
Since the entirety of the appeal must be dismissed as untimely, we do not, and cannot, reach the plaintiffs' appellate arguments on the merits.
VI. Miscellaneous
The instant appeal is from the Supreme Court's order dated June 4, 2015. No appeal has been undertaken of any judgment subsequently rendered, and any such judgment is outside the scope of this appeal.
The parties' remaining contentions set forth in the motion and the appeal are either without merit or need not be reached in light of our determination.
In light of the foregoing, the motion of the defendant County of Orange, in effect, pursuant to CPLR 5513(a) to dismiss the appeal on the ground that the appeal was untimely taken is granted and the appeal is dismissed.
SCHEINKMAN, P.J., COHEN and CHRISTOPHER, JJ., concur.
ORDERED that the motion of the defendant County of Orange, in effect, pursuant to CPLR 5513(a) to dismiss the appeal on the ground that the appeal was untimely taken is granted, without costs or disbursements; and it is further,
ORDERED that the appeal is dismissed, without costs or disbursements.
ENTER:
Aprilanne Agostino
Clerk of the Court